UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-cv-62334-ROSENBERG-BRANNON

TAURIGA SCIENCES, INC.,
A Florida Corporation,

        Plaintiff,

v.

COWAN, GUNTESKI & CO., P.A.,
A Foreign Corporation; DONALD
COWAN, an Individual; and WILLIAM
MYLER, an Individual,

        Defendants.
_____/

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO**
**FED. R. CIV. P. 12(b)(2) AND/OR TO DISMISS OR TRANSFER**
**VENUE PURSUANT TO 28 U.S.C § 1406(a)**

Defendants Cowan, Gunteski & Co., P.A. ("CGC"), Donald Cowan ("Cowan") and William Meyler ("Meyler")[1] (collectively, "Defendants"), by and through their attorneys, Andrew L. Cole and LeClairRyan, hereby move to dismiss this action against them pursuant to FED. R. CIV. P. 12(b)(2) based on a lack of personal jurisdiction and/or in the alternative, to dismiss this action pursuant to 28 U.S.C.§ 1406(a) based on improper venue or to transfer this action to the U.S. District Court for the District of New Jersey.

**INTRODUCTION**

Tauriga Sciences, Inc. ("Tauriga") improperly commenced this diversity action in this Court, which (a) lacks personal jurisdiction over each of the three defendants, and (b) in which venue does not lie. Tauriga alleges a claim of professional malpractice arising out of CGC's

---

[1] Meyler was incorrectly named in this action as "William Myler."

audit of Tauriga's financial statements for its 2014 fiscal year (the "2014 Audit").  However, as made clear by the Complaint [Dkt. No. 1], and further demonstrated by the accompanying Declarations of Donald Cowan and William Meyler submitted herewith, neither the Defendants nor the claims giving rise to Tauriga's action have a nexus to Florida sufficient for this Court to exercise personal jurisdiction over the Defendants.  Tauriga's incorporation in Florida, its only apparent connection to the forum, is insufficient for the Court to exercise personal jurisdiction over Defendants, who lack the requisite contacts to satisfy both Florida's long-arm statute and Constitutional due process requirements.  In addition, venue is not proper since none of the Defendants reside in Florida and no part of the events or omissions giving rise to the claim occurred in the state.

Defendants Cowan and Meyler are citizens of New Jersey and defendant CGC is a New Jersey Professional Association.  The engagement letter between Tauriga and CGC covering the 2014 Audit was addressed to Tauriga's headquarters in Connecticut, and CGC sent all invoices for the audit to that same address in Connecticut.  Additionally, the work performed by Defendants in connection with the 2014 Audit was conducted in New Jersey, which is where all physical workpapers were generated and housed, and all electronic documents accessed through servers in the state.  Cowan had no involvement in the 2014 Audit and Meyler never traveled to Florida in connection therewith.  Defendants never requested any documents from Tauriga in Florida in connection with the 2014 Audit, nor did the audit require any analysis or interpretation of Florida accounting principles or laws.  In fact, Tauriga's present position that it is a "Florida corporation" flatly contradicts its position in pleadings filed in a recent 2014 Florida state court action by its counsel in the present suit that Tauriga was a "Foreign Corporation" with "its

principle [sic] place of business outside the State of Florida." Accordingly, absent any connection to the State of Florida, this action should be dismissed for lack of personal jurisdiction and/or be transferred to the District of New Jersey.

## STATEMENT OF RELEVANT FACTS[2]

Tauriga alleges that it is a publicly traded company that requires the services of a registered public accounting firm to issue an audit of its year-end financial statements. (Complaint at ¶ 9). Tauriga engaged CGC to serve as its external auditor of its 2014 fiscal year financial statements, with defendant Meyler as lead audit partner. (Id., ¶ 13). Tauriga now alleges that CGC was not independent of Tauriga with respect to the 2014 Audit, and that it has resultantly suffered damages. (Id., ¶¶ 16, 19-22). Based on these allegations, Tauriga asserts causes of action sounding in accounting malpractice (id., ¶¶ 26-31), unjust enrichment (id., ¶¶ 32-36) and negligent misrepresentation (id., ¶¶ 37-51).

Tauriga alleges that it is "A Florida Corporation" authorized to conduct business in Broward County, Florida. (*See* Id., at Caption and ¶¶ 1-2). However, on or about September 8, 2014, approximately one year before it commenced this action, Tauriga brought an unrelated lawsuit in the Circuit Court for Hillsborough County, Florida captioned Tauriga Sciences, Inc. v. Cleartrust, LLC, Case No.: 14-CA-009076. (The Complaint in that action is annexed hereto as Exhibit A). In that action, Tauriga, represented by its current counsel, identified itself in the caption as "a foreign entity" and alleged in its complaint that "Tauriga is a corporation with its principle [sic] place of business outside the State of Florida." (Id., at Caption, and ¶ 3).

---

[2] Where indicated, the stated facts are taken from Tauriga's Complaint and assumed true solely for the purposes of this motion. Defendants reserve their right to contest the allegations in Tauriga's Complaint.

Tauriga asserts that CGC is "a New Jersey Accounting Firm, with its principle [sic] place of business in New Jersey," Cowan is "a resident of New Jersey" and Meyler is "a resident of New Jersey." (Complaint at ¶¶ 3-5). The Declaration of Donald A. Cowan,[3] submitted herewith, confirms that he is a resident of New Jersey, where he has continuously resided since 1980. (Cowan Dec., ¶ 3). Mr. Cowan, who never performed any professional services for Tauriga, has never resided, voted or registered any motor vehicles in Florida, nor has he ever maintained an office, telephone or bank account in the State of Florida. (Id., ¶¶ 4-5, 13).

The Declaration of William Meyler,[4] submitted herewith, confirms that he is a life-long resident of New Jersey. (Meyler Dec., ¶ 3). He has never resided, voted, owned property, registered any vehicles or owned or operated any business in Florida. (Id., ¶¶ 3-6). He also has never maintained an office, telephone or bank account in the state. (Id.).

CGC is a small New Jersey accounting firm with two offices, both in New Jersey. (Cowan Dec., ¶ 6). CGC does not solicit business in Florida or from Florida residents, and the total amount it billed to Florida residents was less than 1% of CGC's overall revenue in both 2014 and 2015. (Id., ¶¶ 6-8).

Tauriga formally engaged CGC for the 2014 audit on or about June 10, 2014. (Meyler Dec., ¶ 8). CGC's engagement letter was sent from CGC's office in Tinton Falls, New Jersey to Tauriga's headquarters in Danbury, Connecticut. (Id., Exhibit 1 thereto). All invoices for CGC's professional services in connection with the 2014 Audit were sent to Tauriga's headquarters in Danbury, Connecticut. (Id., ¶ 9, Exhibit 3[5] thereto). Tauriga's payments to CGC

---

[3] Mr. Cowan's Declaration is referenced herein as the "Cowan Dec."
[4] Mr. Meyler's Declaration is referenced herein as the "Meyler Dec."
[5] The invoices annexed to the Meyler Dec. are inadvertently addressed to Danbury, NJ (which does not exist), rather than Danbury, CT. The zip code, 06180, is that of Danbury, CT. (Exhibit 3).

4

came exclusively from banks in Montreal, Canada and New York. (Id., ¶ 10). All of Meyler's work as well as that of other members of CGC working on the 2014 Audit was, to the best of his knowledge, performed in New Jersey. (Id., ¶ 11). Meyler never traveled to Florida in connection with the 2014 Audit, and indeed, has never traveled to Florida in connection with any professional services for Tauriga. (Id., ¶¶ 14, 16). The 2014 Audit did not require any interpretation, application or use of any Florida laws, regulations or auditing standards. (Id., ¶ 12). CGC's workpapers for the 2014 Audit were physically created and housed in New Jersey, and would only have left the state in connection with prior proceedings arising out of this lawsuit. (Id., ¶ 13). Meyler's primary contact at Tauriga for the 2014 Audit was Tauriga's then Strategic Planning Officer, Seth Shaw, (who is now the Company's CEO), whom Meyler generally contacted through a cell phone with a New York area code. (Id., ¶ 15).

Based on several years of performing audit services for Tauriga, it is Meyler's understanding that Tauriga's only connection to Florida is its incorporation in the state (Id., ¶ 17), a conclusion borne out by the Complaint. To the best of his knowledge, Tauriga has no officers or employees in the state and does not conduct any business in Florida. (Id.). Nor is Meyler aware of any bank accounts maintained in Florida by Tauriga. (Id.). Tauriga's primary business office was formerly in Montreal, Canada and the company presently operates out of a private residences, none of which are located in Florida. (Id., ¶ 18).[6]

---

[6] Consistent with its public prior filings, Tauriga's current Form 10-K lists 39 Old Ridgebury Road, Danbury, Connecticut as its principal executive offices and a Quebec, Canada phone number for the company. A copy of Tauriga's 2015 10-K is attached as Exhibit B.

## MEMORANDUM OF LAW

### Point I

### This Court Lacks Personal Jurisdiction over Defendants

FED. R. CIV. P. 12(b)(2) authorizes dismissal of an action when the court lacks personal jurisdiction over the defendants. United Tech. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009). The plaintiff bears the initial burden of pleading facts sufficient to make out a prima facie case of personal jurisdiction over the defendant. Id. (citing Posner v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1214 (11th Cir. 1999)). Where the defendant submits evidence in the form of affidavits challenging the plaintiff's assertion of jurisdiction, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Id.

It is well-established that the exercise of personal jurisdiction by a federal court sitting in diversity must not run afoul of a two-step inquiry: (1) jurisdiction must be appropriate under the state long-arm statute and (2) the exercise of jurisdiction cannot violate the Due Process Clause of the Fourteenth Amendment. Id. (citing Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A., 421 F.3d 1162, 1166 (11th Cir. 2005)). In evaluating the second prong, the district court must assess whether the defendant has sufficient minimum contacts with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Horizon, 421 F.3d at 1166 (quoting Intl. Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

### a. Florida's Long-Arm Statute Does Not Confer Jurisdiction

"In Florida, long-arm statutes are strictly construed. . . . ." Palm Beach Grading, Inc. v. Picerne Const./FBG, L.L.C., 2009 WL 3010478, at *5 (S.D. Fla. Sep. 16, 2009); *accord* Fraser v. Smith, 594 F.3d 842, 848 n.8 (11th Cir. 2010) ("Florida's long-arm statute is to be strictly

construed . . . ."); Kreston v. First Collect, Inc. 523 F.Supp.2d 1348, 1353 n.2 (S.D. Fla. 2007) ("The long-arm statute must be strictly construed; therefore, any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that personal jurisdiction exists."). Florida's long-arm statute provides enumerated situations in which a foreign defendant can be subject to jurisdiction in the state. Fla. Stat. § 48.193 (2016).[7] As it is undisputed that none of the Defendants reside in Florida, engaged in any of the disputed audit work in Florida, solicit any business in Florida, maintain an office in Florida or entered into a contract concerning the 2014 Audit in Florida, none of the sections concerning these bases for jurisdiction could plausibly confer personal jurisdiction over Defendants. Nor does § 48.193(1)(a)(2), which in certain circumstances, none of which are present here, confers jurisdiction where a foreign defendant commits a tortious act within the state of Florida, afford Tauriga a valid jurisdictional basis.[8] That section of the statute requires that the defendant's acts or omissions "directly cause injury or damage within the state", Blumberg v. Steve Weiss & Co., 922 So.2d 361, 364 (Fla.3d DCA 2006), a separate and distinct showing precluded by Tauriga's lack of any Florida connection.

Numerous cases have found personal jurisdiction lacking over foreign professionals whose allegedly defective services could not credibly be found to have caused injury in Florida, even where defendants had far greater connections to the state than the present Defendants. For

---

[7] The district court must follow the state law of the forum state, in this case Florida, to determine the bounds of personal jurisdiction. Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014).

[8] Notably, Fla. Stat. § 48.193(1)(a)(6), which provides for personal jurisdiction when a foreign defendant commits a tort outside of Florida that causes injury in Florida, cannot apply here since that section (including its predecessor § 48.193(1)(f)) applies only to allegations of non-economic personal injury or property damage. Snow v. DirecTV, Inc., 450 F.3d 1314, 1318 (11th Cir. 2006) (citing Aetna Life & Cas. Co. v. Therm-O-Disc, Inc., 511 So.2d 992, 994 (Fla. 1987)). As the Complaint pleads no allegations of personal injury or property damages, § 48.193(1)(a)(6) cannot confer jurisdiction over Defendants here.

7

example, in Peavy v. Klausner, 2011 WL 3841633 (M.D. Fla. Aug. 3, 2011), the court held that long-arm jurisdiction was lacking over an Arizona attorney and his law firm that provided legal advice to a Florida domiciliary. Declining to exercise jurisdiction, the court noted that doing so under such circumstances would lead to the absurd result that jurisdiction would exist under the long-arm statute "over any nonresident attorney whose Florida client alleges malpractice in connection with an out-of-state matter." Id. at *5.

Numerous additional professional liability cases have declined to sustain long-arm jurisdiction where the defendant's connection to Florida was far greater than the case *sub judice*. Hirsch v. Weitz, 16 So.3d 148 (Fla. 4th DCA 2009) (declining to exercise jurisdiction over New York attorney in suit by a Florida resident who signed agreement at issue in Florida); Harris v. Shuttleworth and Ingersoll, P.C., 831 So.2d 706 (Fla. 4th DCA 2002) (no jurisdiction over Iowa law firm in suit by Florida resident where attorneys who prepared subject document sent information and traveled to Florida for engagement); *see also* Snow v. DirecTV, Inc., 450 F.3d 1314 (11th Cir. 2006) (affirming Rule 12(b)(2) dismissal of action against a Washington law firm that worked with local Florida counsel to prosecute cases in Florida courts, that included out-of-state defendant's mail, e-mail and phone communications with Florida residents).

Cases sustaining jurisdiction under the long-arm statute over foreign professionals make clear the extent of the necessary connections to Florida, which are unequivocally lacking here. In Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir. 1996), the Eleventh Circuit affirmed jurisdiction over Michigan lawyers and accountants in an action for negligent estate planning for a Florida resident. One of the lawyers, Hertzberg, provided estate planning services to Marvin Robinson after he moved to Florida, including the preparation of a will and trust agreement to be administered under Florida law. Id. at 255. Hertzberg sent the will to Mr.

Robinson in Florida, where it was executed.  Id.  The defendant accountant, Tootalian, assisted with the estate-planning services, meeting on several occasions with Robinson and the attorney in Florida and had several phone conversations with the client to discuss his estate.  Id. at 256.  After Hertzberg retired, Tootalian introduced the decedent to another attorney, defendant Giarmarco, who prepared a codicil to the will providing that Florida law would govern.  Giarmarco prepared two amendments to Robinson's trust agreement, which were sent to Florida for execution.  Id.  Tootalian reviewed the will and trust documents containing the Florida choice of law clauses and prepared projections of the anticipated distributions, based on his interpretation of the documents.  Id.  After Robinson died, the will was admitted to probate and the trust administered in Florida.  Id.  The action alleged claims of negligence and breach of contract after the trust and estate incurred tax liability in excess of $850,000, purportedly due to various drafting errors.  Id.  The Eleventh Circuit affirmed the district court's denial of defendants' motions to dismiss, holding that the totality of the defendants' connections to Florida, including that they knowingly drafted and reviewed documents that were intended to be administered in Florida under Florida law, subjected them to jurisdiction under Florida's long-arm statute.  Id. at 257.  As stated by the Court" "[t]he nature of the professional services rendered in this case was such that the defendants were fully aware that their actions or omissions would have a substantial effect in Florida." Id. at 259.

Similarly, in Horizon, *supra*, 421 F.3d 1162, the Eleventh Circuit held that Florida's long-arm statute conferred jurisdiction over a California auditing firm that contacted the Florida based plaintiff by phone and electronically accessed its computer files in Florida.  After acknowledging that simply performing professional services for a Florida citizen was insufficient

9

to confer jurisdiction under the Florida long-arm statute, Id. at 1167, the court held that the plaintiff sufficiently pleaded long-term jurisdiction over the defendant on its claim for constructive fraud based on the telephone calls directed to Florida. Id. at 1168.[9]

The cases both declining and upholding jurisdiction over out-of-state professionals compel dismissal of the present action. Initially, the jurisdictional[10] allegations in the Complaint – to the extent they may even exist – are both perfunctory and conclusory, which alone is sufficient to warrant dismissal. Snow, 450 F.3d at 1317 ("vague and conclusory allegations…are insufficient to establish a prima facie case of jurisdiction"). The Complaint asserts that CGC, Cowan and Meyler, all citizens and residents of New Jersey, "knew that Tauriga was a Florida Corporation and, thus, would subject itself [sic] to venue in Florida in the event of controversy or litigation." (Complaint at ¶¶ 3-5). No other allegations connect any of the events or parties to Florida, warranting dismissal on that basis alone. Snow, 450 F.3d at 1317. Beyond that, however, as Cowan and Meyler's declarations establish, there is no basis whatsoever for the assertion of personal jurisdiction over them or CGC by this Court.

The absence of any nexus between the Defendants and Florida is clear and unequivocal. As the Complaint admits, and as confirmed by the accompanying declarations, CGC is a small New Jersey accounting firm and individual defendants Cowan and Meyler are long-time residents of New Jersey. (Complaint at ¶¶ 3-5; Cowan Dec., ¶ 3, 6; Meyler Dec., ¶ 3). All of the auditing work undertaken to complete Tauriga's 2014 audit occurred in New Jersey. (Meyler Dec., ¶ 11). Meyler did not travel to Florida in connection with the 2014 Audit, or request any

---

[9] The Eleventh Circuit did not, however, hold that jurisdiction was proper, instead remanding to the district court to determine whether jurisdiction would comport with due process, since the trial court had not evaluated this issue in the decision appealed from.

[10] It is unclear whether the Complaint even contains any basis supporting jurisdiction, as the Complaint refers only to "venue." (Complaint at ¶¶ 3-5).

documents from or provide any documents to Tauriga in Florida. (Id., ¶ 14). In fact, no such documents are housed there by Tauriga. CGC's audit workpapers and internal files are stored either in paper format in its office in Tinton Falls, New Jersey or in electronic format on servers accessed through CGC's office in New Jersey, and have only been released out of New Jersey in connection with the present dispute. (Id., ¶ 13). Additionally, the 2014 Audit did not require any interpretation, application or other use of any Florida laws, regulations, or auditing standards. (Id., ¶ 12).

Even Tauriga's supposed contacts with Florida are non-existent for jurisdictional purposes. As Tauriga has admitted in signed pleadings in another lawsuit, its principal place of business is in Danbury, Connecticut. (Exhibit A, ¶ 3).[11] This is confirmed in Tauriga's public corporate filings. (Exhibit B; Meyler Dec, Exhibit 2). CGC's engagement letters for the 2014 Audit are addressed to Tauriga's office in Connecticut (Meyler Dec., ¶ 8, Exhibit 1), as were CGC's invoices. (Id., ¶ 9, Exhibit 3). Tauriga paid CGC's invoices from banks in Montreal and New York, but never from a bank in Florida. (Id., ¶ 10). Tauriga's CEO, Seth Shaw, who served as Tauriga's primary point of contact for the 2014 audit, is a resident of New York. (Id., ¶ 15). Meyler contacted Shaw with questions by calling Shaw's cellular phone, which has a "917" area code, covering New York City. (Id.).

Nor can Tauriga plausibly claim to have suffered any injury in Florida. Tauriga operated primarily out of Montreal, and presently from home offices, none of which are in Florida. (Id., ¶ 18). Upon information and belief, none of Tauriga's current officers, directors or employees are located in Florida. (Id., ¶¶ 17-18). Tauriga's registration documents with the Florida Secretary

---

[11] Tauriga is judicially estopped from arguing to the contrary here. Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010) ("[t]he purpose of judicial estoppel is to protect the integrity of the judicial process by prohibiting parties from changing positions according to the exigencies of the moment.").

11

of State lists its headquarters in Danbury, Connecticut. (A report regarding Tauriga from the Florida Secretary of State's website is attached as Exhibit C), which is consistent with its filings mandated by the Federal Securities Laws. (*See* Exhibit B; Meyler Dec., Exhibit 2). Coupled with its prior judicial admission that it is for all intents and purposes a Connecticut enterprise, but for its state of incorporation, Tauriga cannot now claim that it suffered an injury in Florida simply to support jurisdiction, for tactical reasons, against defendants located more than 1,000 miles away. Since the acts or omissions giving rise to the conduct alleged in the Complaint did not occur in Florida, and Tauriga does not and in fact cannot claim to have suffered any damages in Florida, Florida's long-arm statute cannot confer personal jurisdiction in the present action.

    **b. Defendants do not have Sufficient Minimum Contacts for This Court to Exercise Personal Jurisdiction over Them on due Process Grounds**

The Due Process analysis need not be conducted where, as here, the state long-arm statute does not provide for jurisdiction. PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 807 (11th Cir. 2010). However, even assuming, arguendo, jurisdiction under the long-arm statute can somehow be demonstrated, since Defendants do not have sufficient minimum contacts with Florida, the exercise of jurisdiction over them would violate fundamental Due Process.

The Supreme Court has made clear that a plaintiff's contacts with the forum state cannot satisfy the "defendant-focused minimum contacts inquiry." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant – not the convenience of plaintiffs or third parties." Id. Indeed, "the unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466

U.S. 408, 417 (1984). Accordingly, the defendant's purported contacts must satisfy three criteria: (1) the contacts must be related to the plaintiff's cause of action; (2) the contacts must involve an act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, invoking the benefits and protections of its laws and (3) the defendant's contacts with the forum must be such that the defendant "should reasonably anticipate being hailed into court there."  Vermeulen v. Renault, U.S.A., Inc., 985 F.2d 1534, 1546 (11th Cir. 1993) (internal citations omitted); *accord* Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) (systematic and substantial business relationship with Florida headquarters satisfied due process to exercise jurisdiction).

Simply because a defendant's activities may establish jurisdiction under the long-arm statute does not satisfy the minimum contacts analysis. PVC Windoors, 598 F.3d at 812; Las Vegas Prof. Football Ltd. Partnership v. Shade, 2010 WL 1965877, at *3 (S.D. Fla. May 17, 2010) (declining to exercise jurisdiction where there was insufficient showing that defendant purposefully availed itself of the benefits and protections of Florida's laws); Hill v. Sidley & Austin, 762 F.Supp. 931 (S.D. Fla. 1991) (law firm did not have sufficient minimum contacts with Florida despite sending correspondence to Florida and where contract at issue called for performance of certain services in Florida).  It is well-established that sporadic or isolated contacts with Florida are not sufficient to constitute purposeful availment of the benefit of the state for due process purposes. Cauff Lippman & Co. v. Apogee Fin. Group, Inc., 745 F.Supp. 678 (S.D. Fla. 1990) (meeting in and communications sent to Florida insufficient minimum contacts for jurisdiction); *cf.*, Robinson, 74 F.3d 253 (significant tasks including estate planning for Florida resident, analyzing Florida law in course of such and knowing will and trust to be adjudicated and administered in Florida, under Florida substantive law, combined with numerous

13

calls to Florida were sufficient minimum contacts).  Moreover the plaintiff's registration as a Florida company alone is insufficient to support jurisdiction.  See MPS Entmt., LLC v. Headrush Apparel, Inc., 2013 WL 5446543, at *6 (S.D. Fla. Sep. 30, 2013).[12]

The court must additionally consider whether the assertion of jurisdiction over the defendant "would comport with fair play and substantial justice."  Burger King, 471 U.S. at 477.  This assessment takes into consideration the burden on defendants, the interests of the forum state and the plaintiff's interest in obtaining relief.  Hill, 762 F. Supp. at 935.  The exercise of jurisdiction over Defendants clearly would not comport with due process since Defendants, all residents of New Jersey, did not purposefully avail themselves of the rights and protections of Florida's laws in conducting the audit of a Connecticut based company.  Rather, CGC entered into an engagement letter with Tauriga addressed to its principal executive offices in Danbury, Connecticut.  (Meyler Dec., ¶ 8, Exhibit 1).  Thereafter, Defendants billed Tauriga for their professional services at the company's address in Connecticut.  (Id., ¶ 9, Exhibit 3).  Tauriga cannot credibly show that Defendants "reached out to" or "availed themselves" of the privilege of conducting business in Florida, as Defendants never entered into an agreement with or sought to be paid by a company in Florida or conducted any auditing services in the state.  In fact, the Defendants never purposefully directed any audit-related activities at a resident in Florida.

Nor can Tauriga demonstrate that Defendants in any way availed themselves of the forum since they never traveled to Florida, knowingly sent communications to Tauriga in Florida or requested that any materials maintained by Tauriga in Florida be provided to them.  (Meyler Dec., ¶¶ 11-16).  This is particularly true for Cowan, who never performed any work for Tauriga.

---

[12] Notably, even a foreign defendant's registration to do business in Florida is insufficient on its own to satisfy the minimum contacts test.  Sofrar, S.A. v. Graham Engineering Corp., 35 F.Supp.2d 919, 921 (S.D. Fla. 1999).

(Cowan Dec., ¶ 13). Defendants could not as a matter of law have anticipated being haled into court in Florida when their engagement was for all intents and purposes with a Connecticut based corporation (Complaint at ¶ 3) that did not actually conduct business in Florida[13] and had no employees, officers or directors based there. (Meyler Dec., ¶¶ 17-18). Nor does Florida have any interest in adjudicating this case, as the 2014 Audit required no interpretation, evaluation or application of any Florida laws or regulations. (Id., ¶ 12).

Not only did the 2014 Audit lack any connection to Florida, Defendants themselves lack sufficient minimum contacts, indeed any contacts, to the state that would render the exercise of jurisdiction over them compliant with constitutional due process. Cowan and Meyler are residents of New Jersey, and have never resided in Florida. (Meyler Dec., ¶¶ 3-4; Cowan Dec., ¶¶ 3-4). Neither owns any property in Florida, has ever voted in Florida or ever registered a motor vehicle there.[14] (Meyler Dec., ¶ 5; Cowan Dec., ¶ 5). CGC does not solicit business in Florida and does not have any offices in the state. (Cowan Dec., ¶ 6). CGC performs minimal work for Florida residents, comprising less than 1% of CGC's total revenue in both 2014 and 2015. (Id., ¶¶ 7-8).

---

[13] Based on its public filings, Tauriga appears not to have had any sales of any significance anywhere. For its fiscal year end March 31, 2014 it reported no sales. For its 2015 fiscal year the company reported revenues of $96,161. The company's accumulated deficit as of March 31, 2015 was reported at $49,243,640. (Exhibit B, pg. 13).

[14] Although Cowan personally owns a 1/9 share of Salvus Wealth Management, an LLC that has one partner (also a 1/9 owner) who resides in Florida, this is insufficient to subject Cowan to jurisdiction in Florida. (Cowan Dec., ¶¶ 10-12). The work Cowan performed for Salvus is totally unrelated to the 2014 Tauriga Audit, and Cowan has never traveled to Florida in connection with Salvus' business. (Id., ¶ 11). Nor can Cowan's ownership interest in Salvus serve as a predicate to jurisdiction over CGC, as these entities are completely independent from one another. E.g., Daimler, A.G. v. Bauman, 134 S.Ct. 746 (2014).

None of the work on the 2014 Audit required any documents or materials from Florida; CGC's files for the 2014 Audit are physically maintained in New Jersey, and, during the audit, all of its electronic files were accessed from computers located in New Jersey. (Meyler Dec., ¶¶ 11, 13). In fact, in the nearly seven (7) years that Meyler served as the outside auditors for Tauriga and its predecessors, both with CGC and Meyler & Co., Meyler never travelled to Florida or communicated with Tauriga in Florida for the purpose of conducting an annual audit. (Id., ¶ 16). Accordingly, Defendants, singularly and collectively, lack the requisite minimum contacts for the exercise by this Court of jurisdiction over them to comport with due process requirements.

## Point II

## Venue Does not Properly Lie in this Court

In a diversity action, venue is proper in a judicial district where any of the defendants reside or where a substantial part of the acts or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). When an action is commenced in an improper venue, the district court shall dismiss the action or, in the interest of justice, transfer the matter to a district in which it could have been brought. 28 U.S.C. § 1406(a)[15]; Manley v. Engram, 755 F.2d 1463, 1467 (11th Cir. 1985).

---

[15] 28 U.S.C. § 1404(a) grants the district court discretion to transfer an action brought in a proper but inconvenient venue to a venue in which the action could have been brought. Since venue in this action is improper, 1404(a) is not applicable. Defendants, however, acknowledge that a district court lacking personal jurisdiction can transfer an action to a proper venue pursuant to either § 1404 or 1406. Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc., 689 F.2d 982, 992 n.16 (11th Cir. 1982). Hill, 762 F. Supp. at 936 (following dismissal for lack of jurisdiction, transferring action to Illinois where all defendants reside).

From both Tauriga's Complaint and Defendants' declarations, it is uncontestable that venue is this Court is clearly improper. First, none of the defendants reside in Florida. (Complaint at ¶¶ 3-5; Meyler Dec., ¶ 3; Cowan Dec., ¶¶ 3, 6). Accordingly, venue in this Court cannot rest on Defendants' residences. When not based on the defendant's residence, venue in a diversity action is only proper in a judicial district in which a "substantial part" of the events in question took place, taking into consideration that "[o]nly the events that directly give rise to a claim are relevant." Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003). This inquiry must focus "on relevant activities of the defendant, not the plaintiff." Id. at 1371-72. It has consistently been held that the venue in which the relevant events in a professional malpractice action took place is where the professional is located. *E.g.*, Wilson v. Brown, 2010 WL 743950, at *5 (S.D. Ala. Jan. 20, 2010) (events giving rise to legal malpractice claim took place where defendant located); Kuehne v. FSM Capital Mgmt., LLC, 2013 WL 1814903, at *3 (S.D. Fla. Apr. 29, 2013) (for venue analysis, alleged professional malpractice in failing to communicate tax-related information occurred where defendants were located).

None of the acts or omissions complained of by Tauriga occurred in this district or anywhere else in Florida. Defendants' work on the 2014 Audit occurred wholly within New Jersey: Tauriga's documents were reviewed and analyzed in New Jersey, and CGC's workpapers and audit opinion were drafted there. (Meyler Dec., ¶¶ 11, 13, 14). Defendants' invoices for professional services were processed, prepared in and mailed from New Jersey. (Id., ¶ 9, Exhibit 3). As discussed at further length, *supra*, none of Defendants' complained of actions or omissions that give rise to Tauriga's claims occurred in Florida, nor can any of the damages Tauriga alleges be viewed as having been incurred in Florida. Other than Tauriga's

incorporation in Florida (which, as discussed, *supra*, is merely a convenience office that Tauriga has represented in another litigation is not its principal place of business), there is simply no connection to the state, and venue is therefore improper in this district.

Rather, as Defendants all reside in New Jersey and the purported acts or omissions giving rise to Tauriga's claim, if they occurred anywhere, transpired in New Jersey, the District of New Jersey is the appropriate forum for this action. If the Court is not inclined simply to dismiss this action (either for lack of personal jurisdiction or improper venue), Defendants respectfully request that the action be transferred to the United States District Court for the District of New Jersey.

## **CONCLUSION**

In light of the foregoing, and for those additional reasons appearing in the pleadings and on the record, Defendants respectfully request that the Court dismiss this action for lack of personal jurisdiction over them or on the ground of improper venue. In the alternative, this action should be transferred to the United States District Court for the District of New Jersey, along with such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

      /s/ Andrew L. Cole  
    Andrew L. Cole (FL Bar No. 0187496)  
    andrew.cole@leclairryan.com  
    LeClairRyan  
    180 Admiral Cochrane Drive, Suite 520  
    Annapolis, Maryland 21401  
    P. (410) 224-3000  
    F. (410) 224-0098

    *Attorneys for Defendants Cowan, Gunteski & Co., P.A., Donald Cowan and William Meyler*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on this 13th day of June, 2016, I electronically filed the foregoing motion to dismiss with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to counsel of record specified below:

>Paul K. Silverberg, Esq.
>Kraig S. Weiss, Esq.
>SILVERBERG & WEISS, P.A.
>1290 Weston Road, Suite 218
>Weston, Florida 33326


>_/s/ Andrew L. Cole_
>Andrew L. Cole