UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CV-62334

TAURIGA SCIENCES, INC.,
A Florida Corporation,

    Plaintiff,

v.

COWAN, GUNTESKI & CO., P.A.
A Foreign Corporation; DONALD
COWAN, an Individual; and WILLIAM
MEYLER, an Individual,

    Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND GRANTING
DEFENDANT'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1406(a)**

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and/or to Dismiss or Transfer Venue Pursuant to 28 U.S.C. § 1406(a) [DE 23]; Response to Motion to Dismiss [DE 28]; and Reply in Further Support of Their Motion to Dismiss and/or Transfer Venue [DE 29]. The Court grants the Motion to Transfer Venue for the reasons discussed below and does not reach the merits of the Motion to Dismiss for Lack of Personal Jurisdiction.

**LEGAL STANDARD**

In a diversity action, venue is proper in a judicial district where any of the defendants reside or where a substantial part of the acts or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). When a defendant moves to dismiss a complaint on the basis of venue, the plaintiff bears the burden of demonstrating that the chosen venue is proper. Kuehne v. FSM

Capital Mgmt., LLC, No. 12-80880-CIV, 2013 WL 1814903, at *2 (S.D. Fla. Apr. 29, 2013).  A court must accept all allegations in a complaint as true, unless contradicted by a defendant's affidavits, and must draw all reasonable inferences and resolve all factual conflicts in favor of a plaintiff.  See id.  Where a complaint sets forth multiple claims, venue must be proper for each claim.  Id.  If venue is proper for one claim and the other claims arise from the same nucleus of operative fact, the court may also consider those claims under the basis of pendent venue.  Id.

## ANALYSIS

The facts of this case are as follows:The Plaintiff, Tauriga Sciences, Inc. ("Tauriga"), retained Defendant, William Meyler, to conduct independent audits of Tauriga's financial statements from 2009 though 2012.  DE 1:3.  Meyler acted as the lead audit partner for Tauriga during the entirety of the four year period.  DE 1:3.  On or about February 1, 2013, Meyler's accounting office, Meyler & Co., located in New Jersey, was merged with Defendant, Cowan, Gunteski & Co. ("CGC").  DE 1:3; DE 23-4:2.  Taurgia hired CGC as its new independent auditor and Meyler continued as lead audit partner for Tauriga for the 2013 and 2014 fiscal years.  DE 1:3; DE 23-4:2.  Tauriga filed a complaint against Defendants, CGC, Meyler, and Donald Cowan alleging Accounting Malpractice and Unjust Enrichment against CGC, and Negligent Misrepresentation against Cowan and Meyler arising out of CGC's audit of Tauriga's financial statements for the 2014 fiscal year ("2014 Audit").  DE 1:1–2.  Tauriga brought this action in the Southern District of Florida based upon complete diversity of citizenship and an amount in controversy in excess of $75,000.00 under federal diversity jurisdiction, 28 U.S.C. § 1332. DE 1:2.  Tauriga asserts that, at the time of providing accounting services, the Defendants, CGC, Cowan, and Meyler, all of whom Tauriga recognizes as residents of New Jersey, knew that

2

Tauriga was a Florida Corporation.  DE 1:2.

Defendants attached affidavits in support of their Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) and/or to Dismiss or Transfer Venue Pursuant to 28 U.S.C. § 1406(a).  DE 23-1 (Complaint, Tauriga Sciences, Inc. v. Cleartrust, LLC, Case No. 14-CA-009076 (Fla. 13th Cir. Ct. Sep. 8, 2014)); DE 23-2 (Tauriga's 2015 Form 10-K); DE 23-3 (Fla. Dep't of State Corporations Filing for Tauriga Sciences, Inc.); DE 23-4 (Meyler's Declaration with Exhibits 1–3); DE 23-5 (Cowan's Declaration).  Meyler declared that he is a resident of the State of New Jersey and has never resided in Florida.  DE 23-4:1.  Defendant Cowan also declared that he is a resident of the State of New Jersey and has never resided in Florida.  DE 23-5:1.  Additionally, CGC is a New Jersey corporation with forty-six professionals and two offices located in New Jersey.  DE 23-5:2.  Tauriga's headquarters and point of contact with Defendants is located in Danbury, Connecticut.  DE 23-4:2.

The Defendants engaged in business with Tauriga for the 2014 Audit on June 10, 2014.  DE 23-4:6 (Exhibit 1 "Engagement Letter").  The Engagement Letter is addressed to the Board of Directors of Tauriga at "39 Old Ridgebury Road Danbury, CT 06810."  Id.  CGC directed all of its invoices for professional accounting services rendered in connection with the 2014 Audit to the same address.[1]  DE 23-4:15–21 (Exhibit 3 "Invoices").  These Invoices were prepared in and mailed from "40 Bey Lea Road, Suite A101 Toms River, NJ 08753-7717."  Id.  Meyler, the lead audit partner for the 2014 Audit, asserts that he performed all work in connection with Tauriga's audit in New Jersey.  DE 23-4:2.  And, all of CGC's work papers for the 2014 Audit are stored in

---

[1] The invoices are addressed to "39 Old Ridgebury Road, Suite 4, Danbury, NJ 06180."  DE 23-4:15, 17–20. Defendants recognized this as an inadvertent mistake.  DE 23:4 n.5.  The zip code is that of Danbury, CT.  Id.  The address, other than the designation of NJ, is that which the Plaintiff filed as principal executive office.  DE 23-4:13 (Exhibit 2 "2013 Form 10-K").

Tinton Falls, New Jersey, either in CGC's offices or on CGC's computer servers.  Id. Furthermore, the Defendants assert that the 2014 Audit did not require any interpretation, application or other use of any Florida laws, regulations, or auditing standards.  Id.

In its Response to the Motion to Dismiss, Tauriga only responded to the Defendant's Motion to Dismiss as it pertained to *in personam* jurisdiction and therefore failed to respond to the Defendants' arguments and affidavits in support of dismissal on the basis of improper venue. DE 28.  Tauriga's failure to respond on the issue of venue is, standing alone, a sufficient basis for this Court to grant the motion by default.  *See* Local Rule 7.1(c).

Here, all parties concede that none of the Defendants reside in Florida.  DE 1; DE 23; DE 23-4:1; DE 23-5:1.  CGC is an accounting firm incorporated in and with its principal place of business in New Jersey.  DE 1; DE 23.  Donald Cowan and William Meyler are both residents of New Jersey. DE 1; DE 23-4:1 & 23-5:1.  Therefore, venue does not lie in the Southern District of Florida on the basis of the Defendants' residence in the State of Florida; thus, the Court turns to whether a substantial part of the events giving rise to the claims asserted took place in this jurisdiction.

When determining where venue is permissible, "only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a *substantial part* of the events are to be considered." Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371 (11th Cir. 2003) (emphasis in original); Kuehne, 2013 WL 1814903; see Wilson v. Brown, No. 09-00490, 2010 WL 743950, at *5 (S.D. Ala. Jan. 20, 2010).  "[T]he venue analysis focuses on those relevant activities of the defendant—not the plaintiff—that 'have a close nexus to the wrong.'"  Kuehne, 2013 WL 1814903 at *2 (quoting Jenkins, 321 F.3d at

4

1371–72).

Several cases are analogous to the case at bar.[2]  In Kuehne v. FSM Capital Management, a Ohio resident defendant, a tax professional, agreed to handle the preparation and execution of all of the plaintiff's local, state, and federal tax returns in Ohio. Id. at *1.  The plaintiff alleged breach of contract, fraud, and negligence against the defendant. Id.  The court rejected the plaintiff's argument that (i) venue was proper in the Southern District of Florida based on the liens on the plaintiff's primary residence in that district because (ii) those liens were alleged to exist due to the defendant's failure to communicate. Id.  Instead, the focus of the court's inquiry was on the location of the defendant's failure to communicate which was Ohio, not Florida.[3]  Id. at *3.

As in Wilson v. Brown, the defendant, a lawyer, represented the plaintiff in a separate action for divorce in Utah.  2010 WL 743950 at *1.  The plaintiff moved to Alabama before she could file the action for professional malpractice in Utah and instead brought the case in the Southern District of Alabama. Id.  The defendant moved to dismiss on the basis of improper venue as well as lack of personal jurisdiction. Id.  The defendant was a citizen of Utah, not Alabama, and all of the events giving rise to the action took place in Utah, not Alabama. Id. at *5.  The court in Wilson dismissed for improper venue. Id.

Like Wilson, where all of the defendant's professional services were rendered to the plaintiff in Utah, all of the Defendants' professional services in the instant case that were rendered on the 2014 Audit occurred in New Jersey:  Tauriga's documents were reviewed and

---

[2] Because Tauriga has failed to address or respond in any way on the issue of venue, the Court has relied upon the cases cited in the motion to transfer and the Court's own review of the applicable case law..

[3] In Kuehne, the court ultimately agreed with the plaintiff's second argument that, because the defendant's representations that induced the plaintiff to hire the defendant were made in Palm Beach County, Florida, venue was proper in Florida.  2013 WL 1814903 at *3.  No similar allegation exists in this case.

analyzed in New Jersey by Meyler and CGC; CGC's work papers and audit opinion were drafted in New Jersey; and Defendant's invoices for professional services were processed, prepared in, and mailed from New Jersey. Wilson, 2010 WL 743950 at *1 & *5; DE 23-4; see DE 1:5 ¶ 23. Nevertheless, Tauriga argues that because the Plaintiff is incorporated in Florida, the Plaintiff's injury was incurred in Florida. DE 1:9; DE 28:3. This argument was rejected by the court in Kuehne because the inquiry does not focus on the activities of the Defendants. 2013 WL 1814903 at *2.

Taking the allegations in Tauriga's complaint as true, unless contradicted by the Defendants' affidavits, and drawing all reasonable inferences in favor of Tauriga, the Court finds that Tauriga has not met its burden to establish that venue is proper in the Southern District of Florida. Instead, the Court is persuaded that a substantial part of the events that gave rise to Tauriga's claim occurred in New Jersey, not Florida. Alternatively, the Court finds that Defendants' motion to transfer for improper venue should be granted by default due to Tauriga's failure to respond on this issue. *See* Local Rule 7.1(c).

## CONCLUSION

When an action is commenced in an improper venue, this Court must dismiss the action, or in the interest of justice, transfer the matter to a district in which the action could have properly been brought. 28 U.S.C. § 1406(a). Here, all Defendants reside in New Jersey and a substantial part of all of the events or omissions giving rise to the Tauriga's claims occurred in New Jersey. Venue is therefore proper in the District of New Jersey.

For all of the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Transfer Venue [DE 23] is **GRANTED** and Defendants' Motion to

Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(2) [DE 23] is **DENIED AS MOOT**. The Clerk of the Court is hereby directed to **TRANSFER** this case to the United States District Court for the District of New Jersey and **CLOSE THIS CASE.**

    **DONE and ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of September, 2016.

                                                   ROBIN L. ROSENBERG
                                                   UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record