# LeClairRyan
*A Virginia Professional Corporation*
One Riverfront Plaza
1037 Raymond Boulevard, 16th Floor
Newark, New Jersey 07102
(973) 491-3600
Attorneys for Cowan Gunteski & Co., P.A.,
Donald Cowan and William Meyler, improperly plead as
William Myler

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAURIGA SCIENCES, INC., a Florida Corporation,<br><br>Plaintiff,<br><br>v.<br><br>COWAN GUNTESKI & CO., P.A., a Foreign Corporation; DONALD COWAN, An Individual; and WILLIAM MYLER, an Individual,<br><br>Defendants. | Civil Action No.:3:16-CV-06285 (PGS) (DEA)<br><br>**ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANTS COWAN GUNTESKI & CO., P.A., DONALD COWAN AND WILLIAM MEYLER IMPROPERLY PLEAD AS WILLIAM MYLER TO PLAINTIFF'S COMPLAINT** |

Defendants Cowan Gunteski & Co., P.A., ("CGC"), Donald Cowan ("Cowan") and William Meyler, improperly plead as William Myler ("Meyler")(collectively the "Defendants"), by counsel, state the following as their Answer and Affirmative Defenses to Tauriga Sciences, Inc.'s ("Tauriga") Complaint:

19448914.2

## GENERAL AND JURISDICATIONAL ALLEGATIONS

1.  Defendants deny the allegations in Paragraph 1 of the Complaint, except admit that Tauriga purports to bring this action on the grounds specified and for the relief sought set forth therein.

2.  Defendants deny so much of Paragraph 2 of the Complaint as alleges that Tauriga is conducting business in Florida and sustained any harm there, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in said paragraph of the Complaint.

3.  Defendants deny so much of Paragraph 3 of the Complaint as alleges that CGC knew that Tauriga was a Florida corporation and that CGC therefore agreed to subject itself to venue in Florida in the event of any controversy or litigation, but admit that CGC is an accounting firm, with its principle place of business in New Jersey.

4.  Defendant Cowan denies so much of Paragraph 4 of the Complaint as alleges that he provided accounting services to Tauriga, knew that Tauriga was a Florida corporation and that he agreed to subject himself to venue in Florida in the event of any controversy or litigation, but admits that he is a resident of New Jersey.

5.  Defendant Meyler denies so much of Paragraph 5 of the Complaint as alleges that he agreed to subject himself to venue in Florida in the event of any controversy or litigation, but admits the remaining allegations in Paragraph 5 of the Complaint.

6.  Defendants deny the allegations in Paragraph 6 of the Complaint, except admit that Tauriga purports to allege subject matter jurisdiction pursuant to 28 U.S.C. §1332.

7.     Defendants deny that Paragraph 7 of the Complaint was correct at the time the Complaint was filed, and further assert that Plaintiff subsequently complied with mediation, which was a contractual condition precedent to filing suit.

## APPLICABLE FACTS

8.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.     Defendants admit that as a publicly traded company Tauriga is required to have its financial statements audited by an independent public accounting firm and otherwise submit no response to the legal assertions in Paragraph 9 of the Complaint.

10.    Defendants deny the allegations in Paragraph 10 of the Complaint, except admit that for the years from 2009 through 2012 the accounting firms with which Meyler was affiliated audited Tauriga's financial statements and that Meyler acted as the lead audit partner and authorized the issuance of all audit reports for those years.

11.    Defendants deny the allegations in Paragraph 11 of the Complaint.

12.    Defendants deny the allegations in Paragraph 12 of the Complaint, except admit that in 2013 Tauriga engaged CGC as its independent auditor and that Meyler remained the lead audit partner for the audit of Tauriga's financial statements.

13.    Defendants admit the allegations in Paragraph 13 of the Complaint.

14.    Defendants neither admit nor deny the legal conclusions concerning the reference to Section 10A of the Securities and Exchange Act in Paragraph 14 of the Complaint.

15. Defendants neither admit nor deny the legal conclusions concerning the reference to Rule 2-01 of Commission Regulation S-X in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in Paragraph 16 of the Complaint, except admit that the Public Company Accounting Oversight Board ("PCAOB") asserted that CGC failed to comply with Exchange Act 10A as a result of Meyler's engagement as Tauriga's lead audit partner for 2014, as a result of which the PCAOB alleged that CGC was not independent of Tauriga when it issued its 2014 audit report.

17. Defendants deny the allegations in Paragraph 17 of the Complaint, except admit that on or about July 23, 2015 the PCAOB issued a release In the Matter of Cowan Gunteski & Co., P.A. and William Meyler, CPA, a copy of which is attached to the Complaint as Exhibit A

18. Defendants deny the allegations in Paragraph 18 of the Complaint, except admit that the PCAOB and other regulators maintained that CGC and Meyler did not satisfy the independence requirements with respect to CGC's audit of Tauriga's 2014 financial statements.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants deny the allegations in Paragraph 20 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of Tauriga's alleged contractual default and any resulting damages claimed therefrom.

21. Defendants deny the allegations in Paragraph 21 of the Complaint.

22. Defendants deny the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants deny the allegations in Paragraph 24 of the Complaint.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

## **COUNT ONE – MALPRACTICE AGAINST CGC**

26. Defendants incorporate their responses to paragraphs 1-25 of the Complaint as if set forth verbatim herein and admit the allegations in Paragraph 26 of the Complaint.

27. Defendant CGC denies the allegations in Paragraph 27 of the Complaint, except admits that for audit year 2014 Meyler could not, consistent with the requirements of Section 10A of the Securities and Exchange Act, serve as the lead audit partner for Tauriga.

28. Defendant CGC admits the allegations in Paragraph 28 of the Complaint.

29. Defendant CGC denies the allegations in Paragraph 29 of the Complaint.

30. Defendant CGC denies the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint, and specifically assert that Tauriga has no basis in law or fact for the assertion of a claim for punitive damages.

## COUNT TWO – UNJUST ENRICHMENT AGAINST CGC AND MEYLER

32. Defendants incorporate their responses to paragraphs 1-31 of the Complaint as if set forth verbatim herein and Defendants CGC and Meyler deny the allegations in Paragraph 32 of the Complaint.

33. Defendants CGC and Meyler deny the allegations in Paragraph 33 of the Complaint, except they admit that the PCAOB asserted that they were not independent with respect to CGC's 2014 audit of Tauriga.

34. Defendants CGC and Meyler deny the allegations in Paragraph 34 of the Complaint.

35. Defendants CGC and Meyler deny the allegations in Paragraph 35 of the Complaint.

36. Defendants CGC and Meyler deny the allegations in Paragraph 36 of the Complaint, except admit that Tauriga seeks disgorgement of certain monies from CGC and Meyler.

## COUNT THREE - NEGLIGENT MISREPRESENTATION AGAINST COWAN

37. Defendants incorporate their responses to paragraphs 1-36 of the Complaint as if set forth verbatim herein and Defendant Cowan denies the allegations in Paragraph 37 of the Complaint.

38. Defendant Cowan denies the allegations in Paragraph 38 of the Complaint.

39. Defendant Cowan denies the allegations in Paragraph 39 of the Complaint.

40. Defendant Cowan denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint.

41. Defendant Cowan denies the allegations in Paragraph 41 of the Complaint.

42. Defendant Cowan denies the allegations in Paragraph 42 of the Complaint.

**COUNT THREE [SIC] NEGLIGENT MISREPRESENTATION AGAINST MEYLER**

43. Defendants incorporate their responses to paragraphs 1-42 of the Complaint as if set forth verbatim herein and Defendant Meyler admits the allegations in Paragraph 43 of the Complaint.

44. Defendant Meyler admits the allegations in Paragraph 44 of the Complaint.

45. Defendant Meyler denies the allegations in Paragraph 45 of the Complaint.

46. Defendant Meyler denies the allegations in Paragraph 46 of the Complaint.

47. Defendant Meyler denies the allegations in Paragraph 47 of the Complaint, except admits that he did not disclose any information to Tauriga to cause it to believe that he was not providing services in accordance with all applicable rules and regulations.

48. Defendant Meyler denies the allegations in Paragraph 48 of the Complaint.

49. Defendant Meyler denies the allegations in Paragraph 49 of the Complaint.

50. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint.

51. Defendants deny the allegations in Paragraph 51 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Tauriga has not sustained any legally recognizable damages as a proximate result of any error, act or omission of Defendants.

## SECOND AFFIRMATIVE DEFENSE

Tauriga has failed to take reasonable steps to mitigate its alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Tauriga's alleged damages are due in whole or in part to its pre-existing financial condition and the significant losses Tauriga had and continues to incur.

## FOURTH AFFIRMATIVE DEFENSE

Tauriga's alleged damages are speculative in whole or in part and thus not recoverable as a matter of law.

## FIFTH AFFIRMATIVE DEFENSE

Tauriga has failed to take all reasonable steps to secure its prior trading listing.

## SIXTH AFFIRMATIVE DEFENSE

Tauriga's claims are barred in whole or in part because its damages were not proximately caused by the Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Any recovery is barred by the conduct of Tauriga's present management and/or consultants.

## EIGHTH AFFIRMATIVE DEFENSE

On or about June 15, 2015 Tauriga terminated CGC and retained another auditor to issue Tauriga's FY 2015 audit report and reissue its FY 2014 audit report.  Had this occurred no independence issue would have been created.  Upon information and belief the successor auditor

failed to issue its audit reports due to one or more acts or omissions of Tauriga. Therefore, Tauriga is barred from recouping any alleged damages based on its own conduct.

### NINTH AFFIRMATIVE DEFENSE

Tauriga's claims for punitive damages are barred because Tauriga cannot prove facts sufficient to warrant the imposition of punitive damages.

### TENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Tauriga would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### ELEVENTH AFFIRMATIVE DEFENSE

Tauriga's damages, if any, were caused in whole or in part by persons over whom Defendants had no control.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional affirmative defense that becomes apparent or available, and reserves the right to amend their Answer to assert such additional defenses.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint in all respects against them, with prejudice, together with interest, cost of suit, attorneys' fees and such other and further relief as the Court may deem equitable and just.

Dated: December 20, 2016

Respectfully submitted,

**LeClairRyan**

By: */s/ Karol Corbin Walker*
Karol Corbin Walker
One Riverfront Plaza
1037 Raymond Boulevard, 16th Floor
Newark, New Jersey  07102
Phone:  (973) 491-3600

Attorneys for Defendants Cowan, Gunteski Co., P.A., Donald Cowan and William Meyler

19448914.2

10