SILVERBERG & WEISS, P.A.
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail: Notices@pkslegal.com
(954) 384-0998 tel. / (954) 384-5390 fax.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CASE NO. 3:16-CV-06285-PGS-DEA

TAURIGA SCIENCES INC.

      Plaintiff,

v.

COWEN, GUNTESKI & CO. P.A., et al

      Defendant.
_____/

## PLAINTIFF'S OBJECTION TO THE ENTRY OF A CONFIDENTIALITY ORDER

The Plaintiff, TAURIGA SCIENCES, INC. ("Tauriga") a Florida Corporation, by and through its undersigned attorneys and files this Objection to the Entry of a Confidentiality Order, and does state:

### INTRODUCTION

In the case now, the Defendants have requested that this Court enter a confidentiality order. They have done so despite having a similar request denied by the Southern District of Florida Court, prior to this matter being transferred. [Southern District, D. 34].

In prior pleadings, including at the scheduling conference on January 17, 2017, the Defendants have requested a confidentiality order and have argued that a non-sharing, confidentiality order is necessary to protect the Defendants' confidential business information.

This argument is a ruse. In the prior Orders of the Southern District of Florida, the Court has found that in the Defendants' request for confidentiality and protection, they have failed to meet their heavy burden of establishing with any particularity why any of the documents, **which have already been produced without a confidentiality order and have already been viewed,** actually deserve confidentially status. It is important to note that this is <u>not</u> a case involving the Kentucky Fried Chicken Secret Recipe, or the Coke Formula. Nor does it involve the secret design or manufacture of products that would deserve protection. Instead, the documents at issue in this case would mostly involve the Defendants utilization of Plaintiff's own documents, as well as documents relating who knew, and when did they know that the Audit performed by the Defendants would be inoperable. Moreover, as the Defendants have already been publicly reprimanded for many of the actions claimed herein by Plaintiff, there is no confidentiality to the documents which led up to or were involved in this reprimand or others which are similar.

In essence, the only reason why Defendants would want a confidentiality order at this juncture (considering many of the documents have already been produced by the Defendants without a confidentiality order or the granting of a protective order and are, thus, already out in the public sphere) is to make the Plaintiffs spend needless fees on future litigation over whether or not the clients, or their investors, have a right to view some of the documents which may have led to the Plaintiffs delisting.

Nevertheless, the Plaintiff ask this Court to be mindful of the facts and circumstances of this case, including the effect on the public at large, in its consideration as to whether the matter requires document restriction.

Tauriga, a publicly traded company, has sued the Defendants for accounting malpractice, unjust enrichment, and Negligent Misrepresentation in the disposition of Tauriga's accounting affairs. As part and parcel to the allegations against the Defendants, the Plaintiff has alleged that, as a publicly traded company, Tauriga must engage a registered public accounting firm in order to issue an independent audit of its financial statements. In 2013, Tauriga engaged the services of the Defendant, CGC to conduct its independent audit. CGC utilized the services of the Defendant, William Meyler, who had conducted an audit of Tauriga's financial statements for the years 2009-2012. CGC failed to advise Tauriga that, by utilizing Meyler after five years of service, it would render the 2014 audit unusable pursuant to Section 10A of the Securities and Exchange Act, which requires partner rotation. **CGC was publicly reprimanded for these actions.**

The unusable report resulted in Tauriga's publicly traded shares being delisted. As a result of this delisting, Tauriga has endured difficulties in securing additional working capital in order to fund its ongoing operations. Moreover, the negative press has created negative goodwill between Tauriga and its investors, shareholders and associations, which has further damaged its ongoing business, and required Tauriga to utilize its own resources in order to continue its ongoing operations. Additionally, the delisting of Tauriga's stock, caused by CGC, has created a potential contractual default between Tauriga and its other business associations for Tauriga's failure to comply with its reporting requirements.

The lawsuit seeks damages against the Defendants but, it also seeks redemption in Tauriga's status as a investible and viable company – a status that was severely damaged as a result of the Defendant's actions. <u>It cannot be stressed enough, for purposes of Tauriga sustaining its own viability and for any future mitigation, how important it is that Tauriga's investors, or potential investors, know and understand that Tauriga was not the cause of its delisting.</u> Moreover,

the public has a right to know, potentially, whether a accounting firm such as the Defendants are engaging in activity which may affect other publicly traded companies – made more important by the fact that the Defendants have already been publicly reprimanded for their actions.

## ARGUMENT

As the entry of a confidentiality order carries the same legal effect to the present case as a the entry of a Protective Order, it should be evaluated similarly. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, a court may grant a protective order "for good cause shown". In doing so, the court must evaluate and balance the interests of the parties and non-parties concerning dissemination of discovery against the public interest in gaining access to the information. *See e.g. Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3rd Cir. 1994); see also e.g. Castellani v. City of Atlantic City, 102 F. Supp 3d 657 (U.S.D.C. NJ 2015); see also e.g. Fanelli v. Centenary College, 211 F.R.D. 268 (D. NJ 2002); see also e.g. Kush v. United Food & Commercial Workers Union, 2014 Westlaw 3547735 (D. NJ 2014); see also e.g. In Re Alexander Grant & Co. Litigation,* 820 F.2d 352 (11th Cir. 1987). However, "[r]ule 26's good cause requirement means that, as a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings". *See e.g, Pub. Citizen v. Liggett Group,* 858 F.2d 775 (1st Cir. 1988).

Moreover, the burden would be on the Defendants herein to show a clearly defined, with specificity, and serious injury to them, as the party seeking disclosure. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not support a good cause showing. *See e.g. Castellani, 102 F. Supp 3d at 657; see also Howard v. Hartford Life & Accident Ins Co.,* 275 F.R.D. 649 (M.D. Fla. 2011).

In seeking a confidentiality order, and in their prior Motions for Protective Orders (which have previously been denied) the Defendants have continually failed to show any "good cause" to substantiate the issuance of an order of protection or confidentiality order. Instead, the Defendants have previously argued that any information provided in discovery should be confidential because it tends to "paint the Defendants in a bad light". As such, the Defendants claim that "it is likely and probable" that Plaintiff will continue to release information to this end. However, the Defendants have never shown, with any specificity any serious injury, even if true, which may have resulted. Even more so based on that fact the the Defendants have already been publicly reprimanded for their actions. Nor have the Defendants isolated <u>any</u> trade secrets or information of like type which would need to be protected. Instead, The Defendants' motion is a classic example of "broad allegations of harm", which does not rise to the level of good cause pursuant to Rule 26. Again, this is not the case involving the Secret Sauce.

In prior pleadings, the Defendants have claimed that their further rationale for the entry of a confidentiality order is that they don't want their reputation harmed any further by what may be released as part of discovery, taking into account their already public reprimand. However, this type of harm does not rise to the level of good cause. Courts have held that, "[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records....**indeed, common sense tells us that the greater the motivation a corporation has to shield its operations, the greater public's need to know...**" *See e.g. Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165 (6th Cir. 1983)(emphasis added); *see also Siedle v. Putnum Invs.*, 147 F.3d 7 (1st Cir. 1998)(holding that the mere fact that records may reveal potentially embarrassing information is not in itself sufficient reason to block access). In the case now, the public and the investing public clearly has a right to know what actions Defendants took which resulted in their

5

public reprimand, as well as whether the Defendants were the cause of Plaintiff's delisting. Again, it cannot be stressed enough, for purposes of Tauriga sustaining its own viability and for any future mitigation, how important it is that Tauriga's investors, or potential investors, know and understand that Tauriga was not the cause of its delisting.

Finally, there is the realistic litigation problem caused by the entry of a confidentiality order in this case. The entry of such an order will, *of course*, result in every document produced by the Defendants being marked confidential. One court recently discussed the problem with such an order by stating, "...[over] confidentiality designations have consequences. Dissemination is restricted; when disseminated to deponents, witnesses and experts, written acknowledgement of the binding nature of the confidentiality order must be obtained, verbal for others. Deposition transcripts are truncated into confidential and non-confidential sections. Litigants must decide whether to challenge or acquiesce to the designation. In short, over-designation makes litigation more expensive and more complicated without a worthwhile purpose." *Minter v. Wells Fargo Bank, N.A.*, (2010 U.S. District Lexis 136006). This coupled with the Plaintiff and the public's right to access clearly falls in favor of no confidentiality order.

As the Defendants have never shown, in any prior pleading, how their potential embarrassment, or the potential harm resulting from the potential dissemination of exculpatory information to Tauriga or its investors, outweighs the public's common law interest in the information, as well as to remain consistent with the prior orders of the Southern District of Florida, the Plaintiff requests that the Defendants' request for Confidentiality Order be denied.

Date: February 16, 2017

/s/ *Michael Miller, Esq.*
Michael Miller



# SILVERBERG & WEISS
## ATTORNEYS AT LAW

February 15, 2017

**VIA FACSIMILE**
**(1-609-989-0451)**

The Honorable Douglas E. Arpert
United States Magistrate Judge
Clarkston S. Fischer Building
402 East State Street
Trenton, NJ 08606

Re: Tauriga v. Cowan et al
3:16- CV-062805

Dear Judge Arpert:

This office represents the interests of the Plaintiff herein. Please find attached a courtesy copy of the Plaintiff's Objection to the Entry of a Confidentiality Order, which has been filed contemporaneously with this correspondence.

This serves as the Plaintiff's reply to the Court's inquiry regarding the entry of a Confidentiality Order, as well as to the Defendants' letter of today's date.

Thank you for your consideration.

Sincerely,

Kraig S. Weiss

Cc. All Counsels of Record

---



# HP LaserJet *3055*

# Fax Call Report

SILVERBERG&WEISS
9543845390
Feb-15-2017    4:07PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 20887 | 2/15/2017 | 4:05:08PM | Send | 16099890451 | 2:44 | 8 | OK |



SILVERBERG & WEISS
ATTORNEYS AT LAW

**FACSIMILE TRANSMITTAL SHEET**

| TO: | FROM: |
|---|---|
| The Honorable Douglas Arpert | Kraig S. Weiss, Esq. |
| COMPANY: | DATE: FEB. 16, 2017 |
| FAX NUMBER: 609-989-0451 | RE: Tauriga vs CGC 16-CV-06285-PGS-DEA |
| PHONE NUMBER: 609-989-2144 | TOTAL NO. OF PAGES INCLUDING COVER: 8 |

☐ URGENT   X FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached.

Attention: The information contained in this facsimile is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this facsimile is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by telephone or facsimile and destroy all copies of the original message.

1290 Weston Road, Suite 218, Weston, Florida 33326    Ph: (954) 384-0998  Fx: (954) 384-5390

Miami (305) 280-0095 * Ft. Lauderdale (954) 384-0998 * Boca Raton (561) 651-0998 * Tampa (813) 803-0998



## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| The Honorable Douglas Arpert | Kraig S. Weiss, Esq. |
| COMPANY: | DATE: FEB. 16, 2017 |
| FAX NUMBER: 609-989-0451 | RE: Tauriga vs CGC 16-CV-06285-PGS-DEA |
| PHONE NUMBER: 609-989-2144 | TOTAL NO. OF PAGES INCLUDING COVER: 8 |

☐ URGENT   **X** FOR REVIEW   ☐ PLEASE COMMENT   ☐ PLEASE REPLY   ☐ PLEASE RECYCLE

NOTES/COMMENTS:

Please see attached.

Attention: The information contained in this facsimile is privileged and confidential information intended only for the use of the individual(s) named above. If the reader of this facsimile is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please contact the sender by telephone or facsimile and destroy all copies of the original message.