SILVERBERG & WEISS, P.A.
*Attorneys for Plaintiff*
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail: Notices@pkslegal.com
954-384-0998 tel.
954-384-5390 fax.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAURIGA SCIENCES INC.<br><br>Plaintiff,<br><br>v.<br><br>COWEN, GUNTESKI & CO. P.A., et al<br><br>Defendant. | CASE NO. 3:16-CV-06285-PGS-DEA<br><br>**MOTION TO ALLOW TRIAL BY JURY** |

The Plaintiff, Tauriga Sciences, Inc. ("Tauriga"), a Florida Corporation, by and through its undersigned attorneys, files this, its Motion to Allow Trial by Jury and does state:

### INTRODUCTION AND BACKGROUND

On January 10, 2017, prior to any discovery being propounded by the Defendants in this Court, the Plaintiff filed its Notice of Jury Trial Demand. [R. 60] As the Defendants have now taken the position that this matter is not proceeding as a jury trial, the Plaintiff files this instant motion to allow all matters to be tried by jury. The parties have met and conferred upon this issue, but have been unable to resolve it without judicial ruling.

Tauriga, a publicly traded company, has sued the Defendants for accounting malpractice, unjust enrichment, and Negligent Misrepresentation in the disposition of Tauriga's accounting affairs. As part and parcel to the allegations against the Defendants, the Plaintiff has alleged that, as a publicly traded company, Tauriga must engage a registered public accounting firm in order to issue an independent audit of its financial statements. In 2013, Tauriga engaged the services of the Defendant, CGC to conduct its independent audit. CGC utilized the services of the Defendant, William Meyler, who had conducted an audit of Tauriga's financial statements for the years 2009-2012. CGC failed to advise Tauriga that, by utilizing Meyler after five years of service, it would render the 2014 audit unusable pursuant to Section 10A of the Securities and Exchange Act, which requires partner rotation. **CGC was publicly reprimanded for these actions.**

The unusable report resulted in Tauriga's publicly traded shares being delisted. As a result of this delisting, Tauriga has endured difficulties in securing additional working capital in order to fund its ongoing operations. Moreover, the negative press has created negative goodwill between Tauriga and its investors, shareholders and associations, which has further damaged its ongoing business, and required Tauriga to utilize its own resources in order to continue its ongoing operations. Additionally, the delisting of Tauriga's stock, caused by CGC, has created a potential contractual default between Tauriga and its other business associations for Tauriga's failure to comply with its reporting requirements.

The lawsuit seeks damages against the Defendants but, it also seeks redemption in Tauriga's status as an investible and viable company – a status that was severely damaged as a result of the Defendant's actions.

As the matter was originally filed in the Southern District of Florida, the Defendants never filed an answer to the Complaint in Florida, having chosen to file a Motion to Dismiss for venue.

Additionally, during the pendency of the Motion to Dismiss, the Plaintiff propounded discovery to the Defendants, which was only responded to after various Motions to Compel were filed the Plaintiff, as well as unsuccessful attempts at protective orders by the Defendants.  Moreover, the Defendants only propounded discovery to the Plaintiff after the discovery deadline had passed for responding to them in Florida.  In short, the Defendants, in taking the position that Florida was not the proper venue, mostly failed to willingly participate in any discovery while the matter was pending in Florida.

After the case was transferred to New Jersey, the Plaintiff took the position that the Defendants, having not participated willingly in the discovery process while in Florida, and with the discovery deadline having passed in Florida, should be precluded from participating in discovery in New Jersey.  Understandably, at a status conference with the Court, the Court disagreed and reopened discovery to both parties, while indicating that both parties would get fresh starts in New Jersey.

On December 20, 2016, in the midst of the Christmas and New Year Holidays, the Defendants filed their first Answer and Affirmative Defenses relating to the Plaintiff's complaint. [R. 57].

On January 10, 2017, a mere 21 days after the Defendants filed their answer, the Plaintiff filed its Notice of Jury Trial Demand.   [R. 60]

The Defendants never filed an objection or otherwise put the Plaintiff on notice that the matter would not proceed as a jury trial until March 23, 2017 in an email sent by Ronald Herzog, the attorney representing the Defendants.

The parties have been participating in ongoing discovery while the matter has been proceeding in New Jersey, and are coordinating depositions. The Defendants have not yet taken a Rule 30(b)(6) deposition of the Plaintiff, and the matter is currently not set for trial.

## **MEMORANDUM AND ARGUMENT**

While it is true that Federal Rule of Civil Procedure 38 allows for a jury demand by "serving the other parties with a written demand – which may be included in a pleading –no later than 14 days after the last pleading directed to the issue is served", Federal Rule of Civil Procedure 39(b) grants discretion to the court to allow a jury trial where one is not "properly demanded". *Federal Rule of Civil Procedure 39; see also EEOC v. Britrail Travel International Corp,* 129 F.R.D. 116 (USDC NJ 1989). As stated in *EEOC*, "in determining whether to grant a late jury trial demand, the Court must recognize that 'the right of jury trial is fundamental [and] ***courts [should] indulge every reasonable presumption against waiver***." *Id*. (Emphasis Added); see also *Collins v. Government of the Virgin Islands*, 366 F. 2d 279 (3rd Cir. 1966)(noting that maintaining a jury as a fact finder is of great importance and, thus, 'any seeming curtailment of the right to a jury trial should be scrutinized with the upmost care"). As such, the Court should look favorably towards a Rule 39(b) motion unless persuasive reasons exist to deny it. *See e.g. Lewis v. Thigpen*, 767 F. 2d 252 (5th Cir. 1985)(finding that a Rule 39 motion should be granted unless it disrupts the court's docket or causes prejudice to the opposing party).

Courts have also utilized a consideration of five factories in addressing whether to allow a jury trial under Rule 39. They are: (1) whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the court or the parties; (3) whether there would be prejudice to the adverse party; (4) how long the party delayed in bringing the motion; (5) the

reasons for failure to make a timely jury demand. *See e.g. O'Brien Oil Pollution Service, Inc v. Kapoor,* 2008 WL 26225352 (USDC NJ 2008).

With regards to the first factor, the Plaintiff herein seeks money damages either under negligence, tort or contract theory against the Defendants. As these counts, and the relief sought in those counts are generally legal in nature, the issues present are certainly suitable for a jury. *See id; see also Ross v. Bernhardt,* 396 U.S. 531 (1970). As such, the Plaintiff's Motion would satisfy the first factor under the request for jury trial.

With regards to the second factor, granting the motion would not disrupt the schedule of the Court or the adverse party. First, at this point, discovery remains open. The Defendants have not yet conducted their depositions of the Plaintiff under Rule 30(b)(6), or any other of the Plaintiff's representatives, if any. Moreover, the Court has not yet set this matter for trial. On April 17, 2017, the Court has scheduled a status conference wherein the Plaintiff intends to ask the Court to set this matter down for trial however, at this time, no pretrial conference or trial has been scheduled. As such, the granting of this motion would not interfere with the Court's schedule or the schedule of the opposing party. *See e.g. O'Brien*, 2008 WL at 26225352.

With regards to the third factor, as stated above, there is no prejudice to the opposing party as (1) discovery is still open; (2) the matter is not yet set for pretrial conference or trial and; (3) the Defendants have not yet taken the depositions of the Plaintiffs and, thus, have ample time to tailor any deposition questions asked of the Plaintiff to those that would be presented to a jury. Additionally, the discovery already conducted, and the documents already provided, would not have deviated or changed whether or not this matter was proceeding jury or non-jury. Most importantly, the Defendants have known since January 10, 2017 (when the Plaintiff filed their Notice of Jury Trial), and prior to the Defendants having propounded any discovery to the Plaintiff

in this Court, that the Plaintiff intended this matter to proceed as a jury trial. In short, the Defendants' preparation so far in this matter would not differ had this case been scheduled as a jury trial from the start. As stated, the Defendants did not file any objection to the Notice of Jury Trial or otherwise object until March 23, 2017 – more than two months later- by email. As such, the third factor should be resolved in favor of granting the motion.

With regards to the fourth factor, the Plaintiff filed its Notice of Jury Trial on January 10, 2017. As stated, the Defendant did not file an objection to the Notice, or otherwise object (or put the Plaintiff on notice in any fashion) to the jury trial demand until March 23, 2017. The Plaintiff is filing this Motion less than one week later. As such, this issue should be resolved in favor of granting the motion.

With regards to the fifth factor, the Defendants filed their Answer and Affirmative Defenses on December 20, 2016 in New Jersey, having not filed one while the case pended in Florida. This was in the midst of the Christmas and New Years Holidays. Through simple inadvertence, the Notice of Demand for Jury Trial was filed on January 10, 2016 or less than one week after the fourteen day deadline. As stated prior, the Defendants did not file an objection to the Notice of Demand for Jury Trial, or otherwise object in any fashion to the demand until approximately March 23, 2017. This Motion is being filed less than one week later.

This Court, and others, have found a delay which was substantially more significant than in the instant case to be not significant enough to waive jury trial. For example in *O'Brien*, the Court found that a delay of approximately *two years* was not a significant enough delay to waive a demand for jury trial based on the "presumption against waiver". *See id.* In *Enron v. Golden Living Center-Stanton*, the Court found that a delay of six months was not significant enough to waive a demand for jury trial. 2015 WL 1021301 (E.D. Penn. 2015). In *Plummer v. Gen. Elec.*

*Co.,* 93 F.R.D. 311 (E.D. PA 1981), the Court held, in granting a Rule 39 Motion that, "[t]echnical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury trial in cases in which there would have been a right to a jury trial, The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application". *Id.* It is the position of the Plaintiff that the delay of less than one week due to inadvertence during the holiday time is not nearly significant enough to waive jury trial. Nor is filing this instant motion less than one week after being notified of an objection. However, even assuming, *arguendo*, that the fifth factor weighs against the Plaintiff, it is not in any way dispositive of the Motion. The balance of the factors certainly fall in the Plaintiff's favor.

As such, and for the above stated reasons, the Plaintiff prays for an order granting its motion and allowing this matter to proceed as a jury trial.

WHEREFORE the Plaintiff prays for an order granting its motion and allowing this matter to proceed as a jury trial, and any further action as this court deems right and just.

Dated: March 31, 2017

*Respectfully submitted,*

By: _/s/ Michael Miller__
          Michael Miller