**LeClairRyan**

*A Virginia Professional Corporation*
One Riverfront Plaza
1037 Raymond Boulevard, 16th Floor
Newark, New Jersey 07102
(973) 491-3600
Attorneys for Cowan Gunteski & Co., P.A.,
Donald Cowan and William Meyler,
improperly plead as William Myler

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAURIGA SCIENCES, INC., A Florida Corporation, | Civil Action No. 3:16-cv-06285 (PGS)(DEA) |
| Plaintiff, | |
| v. | Motion Return Date: May 1, 2017 |
| COWAN, GUNTESKI & CO., P.A., A Foreign Corporation; DONALD COWAN, an Individual; and WILLIAM MYLER, an Individual, | |
| Defendants. | |

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S "MOTION TO ALLOW TRIAL BY JURY"

**TABLE OF CONTENTS**

Table of Authorities..........................................ii

Preliminary Statement.........................................1

Nature of the Action and Prior Proceedings....................1

Plaintiff's Waiver of a Jury Trial............................4

Argument......................................................5

       I    PLAINTIFF HAS NOT MADE THE SHOWING NECESSARY.....5
            TO WARRANT RELIEF FROM THE ACKNOWLEDGED
            WAIVER OF ITS RIGHT TO A JURY TRIAL

Conclusion...................................................16

**TABLE OF AUTHORITIES**

<u>Cases</u>

<u>Atlantic Health System, Inc. v. National Union</u>
  <u>Fire Insurance Company of Pittsburgh</u>, 2010 WL 3155194
    (D.N.J. 2010) .......................................... 6, 7

<u>Bradley v. Trustguard Insurance Company</u>, 2013 WL 12156443
    (E.D. Pa. May 21, 2013) ................................. 11

<u>Carey v. Foster Wheeler Corporation</u>, 1990 WL 86098
    (June 20, 1990 D.N.J.) ................................. 6, 14

<u>Ebron v. Golden Living Center-Stenton</u>, 2015 WL 1021301
    (E.D.Pa. 2015) .......................................... 13

<u>FSA Group v. Amerada Hess Corporation</u>, 2006 WL 1117873
    (April 26, 2006 E.D. Pa.) .............................. 7, 16

<u>Hare v. H & R Industries, Inc.</u>, 2001 WL 722514
    (E.D.Pa. 2001) .......................................... 13

<u>Inacom Corp. v. Tech Data Corp.</u>, 2005 WL 2148563
    (D.De. 2005) ............................................ 15

<u>Infinity Group</u>, 212 F. 3d at 196............................ 14

<u>Katzenmoyer v. City of Reading</u>, 2001 WL 1175139
    (Aug. 6, 2011, E.D. Pa.) .............................. 7, 11

<u>Microbilt Corp. v. Fidelity National Information</u>
  <u>Services, Inc.</u>, 2014 WL 6804465 (D.N.J. 2014) .............. 6

<u>O'Brien Oil Pollution v. Kapoor</u>, 2008 WL 2625352
    (D.N.J. June 27, 2008) .................................. 15

<u>Reis v. Barley, Snyder, Senft & Cohen, LLP</u>,
  2008 WL 859238 (March 27, 2008 E.D. Pa.) ........ 8, 10, 13, 15

<u>SEC v. Infinity Group Co.</u>, 212 F.3d 180
    (3d Cir. 2000) ............................... 5, 6, 7, 10, 14

<u>Scharf v. Blackstone Group, L.P.</u>, 2015 WL 1975439
    (E.D.Pa. 2015) ........................................ 6, 14

<u>Siders v. Ohio River Co.</u>, 469 F.2d 1093 (3d Cir. 1972)........ 5

Walton v. Eaton Corp., 563 F.2d 66 (3d Cir. 1977)............. 13

<u>Statutes and Rules</u>

28 U.S.C. § 1391(b)........................................ 4

Fed. R. Civ. P. 38(b)............................. 4, 5, 10, 11

L. Civ. R. 7.1.............................................. 1

Fed. R. Civ. P. 12(b)(2)................................... 4

Fed. R. Civ. P. 12(b)(3)................................... 4

Fed. R. Civ. P. 38(d)...................................... 5

Fed. R. Civ. P. 39(b)................................. passim

The Securities Exchange Act of 1934........................ 2

<u>Other Authorities</u>

Clark, <u>Handbook of the Law of Code Pleading</u>, 2d ed., 1947,
    § 17, at 116.......................................... 10

Wright & Miller, <u>Federal Practice and Procedure, Civil 3d</u>,
    § 2321 at p. 270....................................... 6

## Preliminary Statement

This memorandum of law, together with the accompanying certification of Ronald S. Herzog (the "Herzog Cert."), are respectfully submitted by Defendants Cowan, Gunteski & Co. P.A. ("CGC"), Donald Cowan and William Meyler, incorrectly sued herein as William Myler (collectively, "Defendants") in opposition to Plaintiff Tauriga Sciences, Inc.'s ("Tauriga" or "Plaintiff") March 31, 2017 "motion to allow trial by jury."[1]

## Nature of the Action and Prior Proceedings

More than fourteen (14) months after Tauriga commenced suit in a court clearly lacking personal jurisdiction of the Defendants, and in which no basis for venue was even alleged, Plaintiff filed its untimely jury demand in this action for accountant malpractice, unjust enrichment and negligent misrepresentation arising out of auditing services provided by CGC. The action, filed in the United States District Court for the Southern District of Florida in November 2015, was transferred to this court by the Hon. Robin L. Rosenberg upon Defendants' motion on September 30, 2016.

The complaint, which did not contain a jury demand, alleges that Defendants' negligence prevented Plaintiff's compliance

---

[1] The motion consists of a single document filed under Docket No. 66 entitled "Motion to Allow Trial by Jury" (the "Motion"). In violation of L. Civ. R. 7.1, Plaintiff did not file a notice of motion, affidavit, affirmation or certification along with its Motion.

with its reporting and filing obligations under The Securities Exchange Act of 1934. The complaint further alleges that as a result of Defendants' negligence, Tauriga has "endured difficulties" in securing working capital, "damage" to its ongoing business, and "potential" contractual defaults. In publicly filed documents Tauriga, which has never generated a profit and barely has even had any sales, has made unspecified claims of damages aggregating in excess of $4 million, including the loss of profits, liquidity, various business opportunities and patents.

In discovery conducted to date Plaintiff has failed to quantify or substantiate the vast majority of its purported damages, despite Defendants' demands. Instead, Plaintiff has provided limited, eclectic discovery concerning its claimed out-of-pocket losses while taking the position, in contravention of well-settled caselaw, that it will produce documents and disclose the categories, calculations and amounts of its purported business-related damages as part of its expert disclosure, notwithstanding the fact that these amounts have been the subject of various press releases and securities filings made by Tauriga. These open discovery disputes are the subject of pending letter applications before Magistrate Judge Arpert.

While Tauriga claims to be an early development stage company in the "cleantech" business of, inter alia, converting wastewater into energy, in reality it is more in the nature of a venture capitalist for speculative, unestablished start-up businesses in which Tauriga seeks to acquire an interest in exchange for Tauriga common stock. Tauriga has generated de minimis revenue since its inception, while sustaining an accumulated net operating loss in the tens of millions of dollars. It has been on the edge of insolvency since its inception. According to Tauriga's most recent Form 10-K, filed on October 14, 2016 for the fiscal year ended March 31, 2016, its current liabilities ($2,305,090) exceeded its current assets ($10,164) by $2,294,926, an increase of $992,054 from its March 31, 2015 deficit. Herzog Cert., Ex. 1. Tauriga's current Form 10-Q, for the quarterly reporting period ended December 31, 2016, filed on January 31, 2017, lists total assets as of December 31, 2016 of $31,663 and current liabilities of $2,607,566. Id., Ex. 2. Plaintiff's common stock has frequently traded at a penny per share or less; the closing price on April 13, 2017 was 0.0018.

## **Plaintiff's Waiver of a Jury Trial**

Plaintiff admittedly did not file a jury demand when the action was commenced in Florida District Court in early November 2015, nor at any time through September 30, 2016, when that Court granted Defendants' motion to change venue.[2]   Nor did Plaintiff file a jury demand within fourteen days after Defendants electronically served their answer on December 20, 2016 (i.e., by January 3, 2017), as required by Federal Rule 38(b).   As a result of Plaintiff's failure to timely and properly file a jury demand, it waived a jury trial in accordance with Rule 38(d).

Instead, on January 10, 2017, without making a motion as required by Rule 39(b), Plaintiff simply filed an untimely "jury demand.".   Plaintiff then waited nearly three additional months,

---

[2] After the parties had unsuccessfully mediated this matter in accordance with the provision in CGC's engagement letter, the Defendants, all residents of New Jersey, moved to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, as they had no nexus to Florida.   Defendants also moved under 12(b)(3) to dismiss for improper venue, or alternatively to transfer, since the complaint failed even to allege any basis for venue in Florida as required by 28 U.S.C. § 1391(b).   Defendants did not, as Plaintiff alleges, simply "file a Motion to Dismiss for venue" [sic] (Plaintiff's Motion at p. 2).   Plaintiff's opposition did not assert any grounds for venuing this matter in Florida, and the Florida District Court (Hon. Robin L. Rosenberg) deemed this branch of Defendants' motion to be unopposed.   In view of their potentially dispositive 12(b) motion, Defendants did not file an answer until their motion was granted and the matter transferred to this Court.

until March 31, 2017, to file its "motion to allow trial by jury."

**Argument**

**I.**

**PLAINTIFF HAS NOT MADE THE SHOWING NECESSARY TO WARRANT RELIEF FROM THE ACKNOWLEDGED WAIVER OF ITS RIGHT TO A JURY TRIAL**

Rule 38(b) provides that a party may demand a trial by jury by serving the other parties with a written demand no later than fourteen days after the last pleading is served. Rule 38(d) expressly provides that "[a] party waives a jury trial unless its demand is properly served and filed." A party's failure to adhere to the timetable of Rule 38(b) generally results in the automatic waiver of its right to a jury trial. Siders v. Ohio River Co., 469 F.2d 1093 (3d Cir. 1972). Rule 39(b), however, provides that "the [C]ourt may, on motion, order a jury trial on any issue for which a jury might have been demanded."

When determining a motion under Rule 39(b), the court considers the five factors the Third Circuit enumerated in SEC v. Infinity Group Co., 212 F.3d 180 (3d Cir. 2000), to wit: (1) whether the issues are suitable for a jury; (2) whether the granting of the motion would disrupt the schedules of the Court or the adverse parties; (3) whether any prejudice will result to the adverse parties; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely

5

demand.    212 F.3d at 195-196; see also Microbilt Corp. v. Fidelity National Information Services, Inc., 2014 WL 6804465 *5 (D.N.J. Dec. 3, 2014).  While no single factor is determinative or controlling, the court's exercise of its discretion under Rule 39(b) "must be firmly 'based upon circumstances warranting its exercise of discretion lest discretion becomes a mere arbitrary act of the court.'"  Carey v. Foster Wheeler Corporation, 1990 WL 86098 *3 (June 20, 1990 D.N.J.) (citations omitted); Wright & Miller, Federal Practice and Procedure, Civil 3d, § 2321 at p. 270 (noting that district judges have been "extremely reluctant" to relieve a party from a waiver by ordering a jury trial even though there was no timely written demand).

The Third Circuit and other courts in the Circuit have denied motions under Rule 39(b) without a showing that all five factors weigh in favor of denying the motion.  Atlantic Health System, Inc. v. National Union Fire Insurance Company of Pittsburgh, 2010 WL 3155194 (D.N.J. August 9, 2010)(motion denied where three of five factors weighed against granting motion); see also SEC v. Infinity Group, supra; Scharf v. Blackstone Group L.P., 2015 WL 1975439 (E.D.Pa. May 4, 2015). Here, cumulative consideration of the five discretionary factors clearly weigh against granting plaintiff's motion seeking relief from its waiver of a jury trial.

6

First, Tauriga has totally failed to establish that the circumstances of this case present issues that are "particularly suited to a jury." SEC v. Infinity Group, supra, 212 F.3d at 195-96; Atlantic Health Systems, Inc. v. National Union Fire Insurance Co., supra, 2010 WL 3155194 *3; Katzenmoyer v. City of Reading, 2001 WL 1175139 *1 (E.D. Pa. Aug. 6, 2011); FSA Group, Inc. v. Amerada Hess Corporation, 2006 WL 1117873 *4 (E.D. Pa. April 26, 2006) (proponent of a late-filed jury demand must demonstrate that the issues involved are particularly suitable for a jury). This is not a simple "negligence, tort or contract" action as Plaintiff suggests. See Plaintiff's Motion at p. 5.[3] Rather, this action involves complex factual and legal issues regarding the conduct of accountants, particularly with respect to whether Defendants' actions proximately caused the millions of dollars in damages Plaintiff now claims. Among other things, a trier of fact will have to determine if Plaintiff – an essentially insolvent start-up company with an uninterrupted history of no or limited revenue,[4] multi-million dollar deficits and losses,[5] whose publicly traded stock trades

---

[3] Contrary to Plaintiff's protestations, Plaintiff did not allege a "contract" claim in its complaint.

[4] In fiscal 2015, Tauriga generated revenues of $96,161. It had no revenue for the fiscal year ended March 31, 2014, nor for the nine month period ended December 31, 2016. Herzog Cert., Ex. 3.

at less than a penny per share – has a legally valid claim for the loss of profits and business opportunities due to Defendants' alleged misconduct.

According to Tauriga's current Form 10-Q, in addition to its claimed out of pocket damages, Tauriga is also seeking damages arising from the delisting of its shares from the OTCQB to the Pink Sheets, loss of market capitalization, loss of trading liquidity and loss of "substantial business opportunities." Tauriga asserts that at trial it intends to seek monetary damages in excess of $4 million. (Herzog Cert., Ex. 6).

The Hon. James Knoll Gardner of the Eastern District of Pennsylvania was faced with the virtually identical issue in Reis v. Barley, Snyder, Senft & Cohen LLC, 2008 WL 859238 (E.D. Pa. March 27, 2008). In denying the plaintiff's Rule 39(b) motion, the court held:

---

[5] Tauriga's 10-K for its fiscal year ended March 31, 2016 reported net losses of $2,037,465 and $3,988,974 for the fiscal years ended March 31, 2015 and 2014, respectively, bringing its accumulated deficit as of March 31, 2016 to $51,812,793. Herzog Cert., Ex. 4. (footnote continued on next page)
[5](Continued)

In addition, every one of Plaintiff's Form 10-K annual reports has contained its auditor's "going concern qualification," in which the auditor indicates "substantial doubt about the Company's ability to continue as a going concern." This qualification was again stated in Tauriga's 10-Q for the period ended December 31, 2016. Herzog Cert., Ex. 5.

> Contrary to plaintiffs' contentions, this case is not a simple or "garden variety" negligence or breach-of-contract case. Rather, it involves complex factual and legal issues regarding the conduct of defendant law firm in its representation of multiple clients.
>
> In addition, there are potentially complex issues regarding damages. Plaintiffs contend that they are owed hundreds of thousands, if not millions, of dollars for their lost business opportunities in this case. When the issue of damages involves intricate evidentiary facts and will require auditing or an accounting, the court will face substantial difficulties, though not insurmountable obstacles, in framing a proper jury charge that would properly submit the issue of damages to a jury. *See SEC v. The Infinity Group Company*, 212 F.3d at 196, citing *William Goldman Theatres, Inc. v. Kirkpatrick*, 154 F.2d 66, 69 (3d Cir. 1946).
>
> <u>Because this case involves complex issues of fact and law on the issues of both liability and damages, it is more suitable for trial by the court than by a jury.  Accordingly, I conclude that this factor weighs against permitting plaintiffs to file a jury demand.</u>

At *5 (emphasis added).

The determination of Tauriga's claims will require an understanding of not only sophisticated financial transactions based on complex information and documents pertaining to corporate finance and access to capital markets, but also whether an insolvent company with no successful "track record" such as Tauriga has the legal ability to assert claims of this nature that are not inherently speculative.  The nature of

plaintiff's damage claims when assessed against its operational history makes this action far more suitable for a trial by the Court than by a jury, which weighs against granting Plaintiff relief from its waiver of a jury trial.

Second, Plaintiff has unreasonably delayed in bringing the within application, having waited 87 days - almost three months - from the last date on which a timely jury demand could have been filed before filing the within application on March 31, 2017.[6]  Courts in the Third Circuit have denied motions under Rule 39(b) involving shorter delays. See, e.g., SEC v. Infinity Group, 212 F.3d at 196 (motion made two and a half months after

---

[6] Plaintiff, who has been represented by its present counsel throughout this matter, could, of course, have simply filed a jury demand when it commenced the action or at any time prior to Defendants' answer.  For strategic reasons best known to Plaintiff, and not addressed in the Motion, it chose not to do so.

In this regard, the comment of the chief draftsman of the Civil Rules regarding a party's obligations to comply with the requirements of Rule 38 is significant:

> "With this system the trial court knows definitively before the trial if any claim for a jury is to be made.  Moreover, there is less opportunity for a party to await events and use his claim as a strategic lever . . . .  It is a method fair to litigants in protecting the rights of those who have a real desire for jury trial . . . ."

Clark, Handbook of the Law of Code Pleading, 2d ed., 1947, § 17, at 116.

the defendants' final pleadings); <u>see also Reis v. Barley,
Snyder, Senft & Cohen LLC</u>, <u>supra</u>, 2008 WL 859238 *6 (motion made
74 days late); <u>Katzenmoyer v. City of Reading</u>, <u>supra</u>, 2001 WL
1175139 *2 ("lengthy delay" in filing of motion less than three
months after the start of discovery); <u>Bradley v. Trustguard
Insurance Company</u>, 2013 WL 12156443 (E.D. Pa. May 21, 2013) (33
day delay, noting "unambiguous" requirement of Rule 38(b)).[7]

In addressing this factor, Plaintiff disingenuously first
argues that it delayed "less than one week" in making the within
motion because Defendants did not "file an objection" to the
untimely jury demand or "put the Plaintiff on notice in any
fashion" that the demand was untimely until March 23, 2017. <u>See</u>
Plaintiff's Motion at p. 6. In so doing, Plaintiff apparently
urges this Court to hold – with absolutely no statutory, case
law or other authority – that Plaintiff's delay in making the
present motion should only be measured from the time Defendants
first advised Plaintiff not only that its jury demand was
untimely, but also that its attempted resort to self-help was
improper.   There is no known (or cited) authority for the
proposition that Defendants were obligated to educate Plaintiff
regarding the relevant provisions of the Federal Rules of Civil

---

[7] Plaintiff acknowledges that discovery began before Judge
Rosenberg granted Defendants' motion to change venue in
September 2016, more than six months before Plaintiff's within
motion was filed.

Procedure in a case counsel chose to file in federal court (albeit clearly an improper one), or that Defendants' conduct is even a factor in determining the length of the Plaintiff's delay in making the Motion.[8]   Plaintiff is desperately attempting to shift blame to Defendants for Tauriga's lack of explaining its failure in making the Motion in a timely manner, as if to hope this will somehow deflect responsibility for Plaintiff's 87 day delay.  However, as the previously cited authorities make clear, there can be no good faith dispute that the delay is measured from the last date on which Plaintiff could have timely filed a jury demand (January 3, 2017), rather than from the time Plaintiff's self-serving assumption that this matter would be tried by a jury was rejected.[9]

---

[8]  Contrary to plaintiff's Motion, even if Defendants were somehow under an affirmative duty to inform Plaintiff of its failures to comply with the Federal Rules, which they were not, Defendants did so timely.  See Plaintiff's Motion at p. 6.  In an email dated March 20, 2017 Plaintiff's attorney for the first time referred to the jury demand (without mentioning it was untimely), stating "I assume we are in agreement that this matter is proceeding as a jury trial."  In a March 23, 2017 email, Ronald S. Herzog, Esq. responded that the jury demand was untimely and that it was Defendants' position that the action would be tried without a jury.  See Herzog Cert., Exhibit 7.

[9]  Incredibly, Plaintiff's Motion fleetingly argues – again without any authority - that "the delay of less than one week [between the last date on which the jury demand could have been timely filed on January 3, 2017 and the date on which the jury demand was filed on January 10, 2017] due to inadvertence during the holiday time is not nearly significant enough to waive jury trial." See Plaintiff's Motion at p. 7.  Once again ignoring the requirements of the Federal Rules (this time Rule 39(b)), the

Plaintiff's conduct in first unilaterally filing an untimely jury demand, and then waiting almost three months to make the Motion also underscores why its motion should be denied. Courts have repeatedly rejected efforts – like Plaintiff's blatant attempt here – to stealthily file an untimely jury demand rather than making a motion under Rule 39(b) seeking leave of Court to obtain a jury trial. See, e.g., Reis v. Barley, Snyder, Senft & Cohen LLC, supra, 2008 WL 859238 *1 (motion to strike untimely filed jury demand granted); Hare v. H & R Industries, Inc., 2001 WL 722514 *1 (E.D.Pa. 2001 June 26, 2001) ("a party may not insert an untimely jury demand into a case by stealth").[10]   Plaintiff unreasonably delayed in bringing the within motion which was required by Rule 39. Walton v. Eaton Corp., 563 F.2d 66, 73-76 (3d Cir. 1977). This factor also weighs against granting Plaintiff relief from its waiver of a jury trial.

---

only delay to be considered is Plaintiff's nearly three month delay in making the within motion.

[10] Plaintiff's Motion also falsely argues that Courts in the Circuit have granted Rule 39(b) motions where there were much longer delays than three months by citing Ebron v. Golden Living Center-Stenton, 2015 WL 1021301 (E.D. Pa. March 6, 2015). See Plaintiff's Motion at p. 6. However, in Ebron, the Court held that the delay weighed in favor of denying relief from the waiver of a jury trial but granted the motion because other factors not present here, including that the simple, single count negligence case was "particularly suitable for a jury" 2015 WL 1021301 at *3, weighed in favor of such relief. Id. at *1 (motion granted "notwithstanding its untimeliness").

Third, plaintiff has not proffered any excuse, let alone a valid one, for the failure to file a timely jury demand. Plaintiff has not submitted an affidavit, affirmation or certification from anyone with personal knowledge setting forth the reason why Plaintiff failed to timely file a jury demand for fourteen months. Such an omission is glaring.[11]

In any event, Plaintiff's Motion argues only that a timely jury demand was not filed due to "simple inadvertence" apparently attributable to the "Christmas and New Years Holidays." See Plaintiff's Motion at p. 6. No other explanation, including in the form of a certification or otherwise, is provided, even though the courts have repeatedly held that a claim of "inadvertence" is insufficient to warrant relief from the waiver of a jury trial. See, e.g., SEC v. Infinity Group, 212 F. 3d at 196; Carey v. Foster Wheeler Corp., supra, 1990 WL 86098 *3; see also Scharf v. Blackstone Group L.P., supra, 2015 WL 1975439 *4; Inacom Corp. v. Tech Data

---

[11] In the unexplained but telling absence of an affidavit, affirmation or certification from someone with personal knowledge of the reason for the failure to timely file a jury demand, it is not unreasonable to conclude that Plaintiff, whose attorneys maintain their office in Florida, perceiving a tactical advantage, made an intentional decision not to seek a jury trial while this action was pending in Florida for nearly one year. Plaintiff's Motion provides no reason why a jury demand was not filed with the complaint or at any time before Defendants' answered, focusing instead solely on the time following Defendants' answer.

Corp., 2005 WL 2148563 *4 (D.De. September 6, 2005). Even plaintiff's authorities acknowledge this. See e.g., O'Brien Oil Pollution v. Kapoor, 2008 WL 2625352 (D.N.J. June 27, 2008) (miscited by Plaintiff as 2008 WL 26225352). Plaintiff has not provided a legally viable excuse for its failure to timely file a jury demand, and this factor also weighs against granting Plaintiff relief from its waiver of a jury trial.

Fourth, Defendants will suffer prejudice if Plaintiff's motion is granted. Among other things, Defendants likely will incur increased costs in presenting their defenses and evidence to a jury, including documentary evidence, as well as fact and expert witnesses, as this Court is presumably more familiar with the complex issues and potential damage claims than a jury. Defendants have already conducted a deposition of an out-of-state witness located beyond this Court's subpoena power, whose deposition was not videotaped, and will have to consider videotaping the depositions of other similarly located witnesses. See Herzog Cert. at ¶ 9. However slight or minimal this additional cost or prejudice may be, consideration of this factor requires a determination of whether there will be "any" prejudice to Defendants, and it therefore also weighs against granting Plaintiff relief from its waiver of a jury trial. Reis v. Barley, Snyder, Senft & Cohen, supra, 2008 WL 859238 *6 ("some chance of prejudice to defendant" weighs against relief

15

from waiver).[12]   Even assuming, <u>arguendo</u>, the lack of any
demonstrable prejudice, denial of the Motion is warranted in
view of the absence of any sound reason or reasonable
explanation other than mere inadvertence for the late-filed jury
request.  <u>FSA Group v. Amerada Hess Corporation</u>, <u>supra</u>, 2006 WL
1117873 *5.

## Conclusion

Plaintiff's motion for relief from its waiver of a jury
trial should be denied because of the complex financial issues
involved in the determination of claims brought by an insolvent
company seeking multi-million dollars for lost business
opportunities and other speculative claims.  Denial is also
required because of Plaintiff's unexplained failure to timely
file a jury demand in an action commenced in November 2015,
Plaintiff's conclusory, unsworn assertion of "inadvertence," as
well as the unilateral filing of an untimely jury demand instead
of moving for relief as the Federal Rules require.  Finally,
Plaintiff's delay in ultimately making the within motion and the
resulting prejudice to Defendants also compels the denial of its
motion.

---

[12] Defendants do not concede that the remaining factor to be
considered weighs in favor of granting the within motion, as it
is unknown whether a jury trial will disrupt the Court's
schedule.

For the foregoing reasons, it is respectfully submitted that Plaintiff's motion should be denied, and the Court should award Defendants such other and further relief as it deems just and proper.

Dated:     April 14, 2017

                              Respectfully submitted,

                              **LECLAIRRYAN**


                              By: /s/ Karol Corbin Walker
                                  Karol Corbin Walker

                              One Riverfront Plaza
                              1037 Raymond Boulevard, 16th Floor
                              Newark, New Jersey 07102
                              Phone: (973) 491-3600

                              Attorneys for Defendants
                              Cowan, Gunteski Co., P.A.,
                              Donald Cowan and William Meyler


S&C#00231859(3246)