SILVERBERG & WEISS, P.A.
*Attorneys for Plaintiff*
1290 Weston Road, Suite 218
Weston, Florida 33326
Primary e-mail: Notices@pkslegal.com
954-384-0998 tel.
954-384-5390 fax.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAURIGA SCIENCES INC.<br><br>Plaintiff,<br><br>v.<br><br>COWEN, GUNTESKI & CO. P.A., et al<br><br>Defendant. | CASE NO. 3:16-CV-06285-PGS-DEA<br><br>**PLAINTIFF'S RESPONSE TO PCAOB'S OBJECTIONS TO SUBPOENA DATED MARCH 20, 2017** |

The Plaintiff, Tauriga Sciences, Inc. ("Tauriga"), a Florida Corporation, by and through its undersigned attorneys, files this, its Response to PCAOB's Objections to Subpoena dated March 20, 2017 and does state:

**INTRODUCTION AND BACKGROUND**

Tauriga, a publicly traded company, has sued the Defendants for accounting malpractice, unjust enrichment, and negligent misrepresentation in the disposition of Tauriga's accounting affairs. As part and parcel to the allegations against the Defendants, the Plaintiff has alleged that, as a publicly traded company, Tauriga must engage a registered public accounting firm in order to issue an independent audit of its financial statements. In 2013, Tauriga engaged the services of

the Defendant, CGC to conduct its independent audit. CGC utilized the services of the Defendant, William Meyler, who had conducted an audit of Tauriga's financial statements for the years 2009-2012. CGC failed to advise Tauriga that, by utilizing Meyler after five years of service, it would render the 2014 audit unusable pursuant to Section 10A of the Securities and Exchange Act, which requires partner rotation. **CGC was publicly reprimanded for these actions by the Public Company Accounting Oversight Board ("PCAOB" or the "Board")**

The unusable report resulted in Tauriga's publicly traded shares being delisted. As a result of this delisting, Tauriga has endured difficulties in securing additional working capital in order to fund its ongoing operations. Moreover, the negative press has created negative goodwill between Tauriga and its investors, shareholders and associations, which has further damaged its ongoing business, and required Tauriga to utilize its own resources in order to continue its ongoing operations. Additionally, the delisting of Tauriga's stock, caused by CGC, has created a potential contractual default between Tauriga and its other business associations for Tauriga's failure to comply with its reporting requirements.

As part of the lawsuit, the Plaintiff has issued a subpoena to the Board requesting eighteen (18) categories of documents as it relates to the Board's public censure of the Defendants. On April 7, 2017, the Board filed a blanket objection to the subpoena on the basis of privilege as defined by the Sarbanes-Onley Act of 2002, which created the PCAOB, specifically 15 U.S.C. Sections 7214 and 7215. A copy of the subpoena is attached hereto as "Exhibit A".

## ARGUMENT

The Sarbanes-Oxley Act of 2002 includes a confidentiality provision for documents and information generated in the course of an investigation by the PCAOB. The provision provides, in pertinent part:

(A)Confidentiality

Except as provided in subparagraphs (B) and (C), all documents and information prepared or received by or specifically for the Board, and deliberations of the Board and its employees and agents, in connection with an inspection under section 7214 of this title or with an investigation under this section, shall be confidential and privileged as an evidentiary matter (and shall not be subject to civil discovery or other legal process) in any proceeding in any Federal or State court or administrative agency, and shall be exempt from disclosure, in the hands of an agency or establishment of the Federal Government, under the Freedom of Information Act (5 U.S.C. 552a),[1] or otherwise, unless and until presented in connection with a public proceeding or released in accordance with subsection (c).

Thus, under the plain language of the statute, the PCAOB's privilege does not apply to documents and information that was not *prepared or received by or specifically for* the PCAOB. Thus, the majority of the documents requested, which were not prepared specifically for the PCAOB's investigation but, in fact, existed prior to the investigation are not privileged. The fact the Plaintiff *could* seek these documents from the Defendants is not relevant, nor does it abdicate the Plaintiff's ability to ensure that the Defendants have provided the Plaintiff with all relevant documents.

It is a "cardinal principal of statutory construction that a court must give effect, if possible, to every clause and word of a statute". *Duncan v. Walker,* 533 U.S. 167 (2001). Here, there is no ambiguity in the privilege statute asserted by the Board, and thus, the Court should only look to the actual words of the statute. It is clear that the words "specifically for the Board", in the statute makes it clear that the privilege only applies to those documents which derive from, refer to, or were created specifically for the Board. *See Silverman v. Motorola, 2010 WL 46559535 (US N.D. Ill. 2010); see contra Bennett v. Sprint*, 2012 WL 4839312 (W.D. Mo. 2012).

As stated in Silverman, it should not be persuasive that every document should be protected because, without the necessity of inspection, some of these documents would never have been created. If Congress intended the privilege to protect all materials related to the Board's inspection

and investigation, the "text of the statute would reflect that intention". *Id*. Instead the statute, "limits the protection to materials prepared 'specifically for' the Board". *Id.* As such, all documents which the Defendants submitted to the Board, to the extent they were not created just for the Board, should be discoverable. Also, documents sent to the Defendants by the Board, after the investigation was concluded –such as the Board's findings, should also not be protected as they would not be part of the inspection and would have been procured *after* Board's deliberations had already concluded.

As such, and for the above stated reasons, the Plaintiff prays for an order overruling the PCAOB's objections.

WHEREFORE the Plaintiff prays for an order overruling the PCAOB's objections, and any further action as this court deems right and just.

Dated: April 17, 2017

*Respectfully submitted,*

By: _/s/ Michael Miller__
Michael Miller

## CERTIFICATE OF SERVICE

I certify that a true and correct copy hereof has been furnished to Justin V. Shur, Esq., via e-mail at jshur@mololamken.com, Erick R. Nitz via e-mail at enitz@mololamken.com and by Fed Ex Overnight delivery to Justin V. Shur and Eric R. Nitz at 600 New Hampshire Avenue, N.W., The Watergate, Suite 660, Washington D.C. 20037 on this 17th day of April 2017.

By: _/s/ Michael Miller__
Michael Miller