Thomas Calcagni
Calcagni & Kanefsky LLP
*Counsel of Record for PCAOB*
1085 Raymond Blvd., 14th Floor
Newark, NJ  07102
(862) 397-1796
tcalcagni@ck-litigation.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Tauriga Sciences, Inc., | )<br>) |
| *Plaintiff*, | ) No. 3:16-cv-6285-PGS-DEA<br>) |
| v. | ) The Hon. Peter G. Sheridan, U.S.D.J.<br>) The Hon. Douglas E. Arpert, U.S.M.J. |
| Cowan, Gunteski & Co., P.A.,<br>Donald Cowan, and<br>William Meyler, | )<br>) Motion Day: May 15, 2017<br>)<br>) |
| *Defendants*. | )<br>) |

## PCAOB'S BRIEF IN OPPOSITION TO
## PLAINTIFF'S RESPONSE TO
## THE PCAOB'S OBJECTIONS TO SUBPOENA DATED MARCH 20, 2017

## **TABLE OF CONTENTS**

Page

BACKGROUND ............................................................................................................1

ARGUMENT .................................................................................................................2

    I.      The Documents Requested in Schedule A Are Statutorily
           Privileged............................................................................................2

    II.     Any Non-Privileged Documents Sought by the Subpoena Can Be
           Obtained from Parties to the Case......................................................9

CONCLUSION ............................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*A.A. Action Collection Co. v. Richard Dweck*, Civ. No. 11-364,
 2011 WL 13143955 (D.N.J. July 25, 2011) ......................................................... 9

*Bennett v. Sprint Nextel Corp.*, No. 11-9014, 2012 WL 4829312
 (W.D. Mo. Oct. 10, 2012) ..................................................................................... 7

*Distributed Sols., Inc. v. United States*, 539 F.3d 1340
 (Fed. Cir. 2008) .................................................................................................... 8

*Halpin v. Barnegat Bay Dredging Co.*, Civ. No. 10-3245,
 2011 WL 2559678 (D.N.J. June 27, 2011) .......................................................... 9

*Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979) ........................................................ 6

*Silverman v. Motorola, Inc.*, No. 07 C 4507, 2010 WL 4659535
 (N.D. Ill. June 29, 2010) ...................................................................................... 7

*United States v. Hubbell*, 530 U.S. 27 (2000) .......................................................... 7

**STATUTES & RULES**

Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 ....................... 1, 3

15 U.S.C. § 7211(a) .................................................................................................. 3

15 U.S.C. § 7214 ................................................................................................... 4, 5

15 U.S.C. § 7214(a)(1) .............................................................................................. 3

15 U.S.C. § 7215(b)(1) .............................................................................................. 3

15 U.S.C. § 7215(b)(5)(A) ................................................................................*passim*

15 U.S.C. § 7215(b)(5)(B) ........................................................................................ 4

Fed. R. Civ. P. 26(b)(1) ............................................................................................. 8

Fed. R. Civ. P. 45(d)(2)(B) ....................................................................................... 2

Fed. R. Civ. P. 45(d)(2)(B)(i) ..................................................................................2, 11

Fed. R. Civ. P. 45(f)................................................................................................11

D.N.J. Loc. R. 37.1(a)(1) .......................................................................................11

D.N.J. Loc. R. 37.1(b)(1) .......................................................................................11

**LEGISLATIVE MATERIALS**

S. Rep. No. 107-205 (2002) ....................................................................................7

*Accounting Reform and Investor Protection:* Hearing on S. 2763
    Before the S. Comm. on Banking, Housing, and Urban Affairs,
    107th Cong. 723 (Feb. 2002)..........................................................................7

**OTHER AUTHORITIES**

Report on 2011 Inspection of Meyler & Co., LLC, PCAOB Release
    No. 104-2012-256, *available at*
    https://pcaobus.org/Inspections/Reports/Documents/2012_Meyler_
    Company_ LLC.pd .........................................................................................6

Report on 2014 Inspection of Cowan, Gunteski & Co., P.A., PCAOB
    Release No. 104-2015-029, *available at*
    https://pcaobus.org/Inspections/Reports/Documents/2015_Cowan_
    Gunteski_Co_PA.pd .......................................................................................5

Pursuant to this Court's Local Rule 7.1, the Public Company Accounting Oversight Board ("PCAOB" or "Board") submits this Brief in Opposition to Plaintiff's Response to PCAOB's Objections to Subpoena Dated March 20, 2017:

## BACKGROUND

On March 20, 2017, Plaintiff Tauriga Sciences, Inc. served on the PCAOB a subpoena seeking production of documents. A copy of the subpoena is attached as Exhibit 1. The subpoena requested all of the PCAOB's written communications with Defendants in this case—Cowan, Gunteski & Co., P.A.; Donald Cowan; and William Meyler—and Meyler & Co., LLC, an accounting firm that had previously merged with Cowan, Gunteski. *See* Ex. 1, Sched. A (Items 1-4). The subpoena also sought production of various categories of documents related to a July 23, 2015 "Release and Disciplinary Notice against Cowan, Gunteski," *id.* (Item 5), and various categories of documents related to what the subpoena described as "PCAOB No. INF-105-2014-66," *id.* (Items 6-18). The subpoena issued with a return date of April 4, 2017, and requested production at the Weston, Florida office of Plaintiff's counsel. Ex. 1.

On March 30, 2017, counsel for the PCAOB conferred by phone with Plaintiff's counsel and explained that any documents responsive to the subpoena would be privileged under § 105 of the Sarbanes-Oxley Act, 15 U.S.C. § 7215. On

that basis, counsel for the PCAOB asked Plaintiff's counsel to withdraw the subpoena. Plaintiff's counsel never responded to the PCAOB's request.

On April 7, 2017, pursuant to the Federal Rules of Civil Procedure ("Federal Rules"), the PCAOB served its objections to the subpoena.[1] *See* Fed. R. Civ. P. 45(d)(2)(B). The PCAOB objected to the subpoena on two grounds: First, the PCAOB urged that the documents sought by the subpoena were statutorily privileged under § 7215. Second, the PCAOB argued that compliance with the subpoena would be unduly burdensome. The PCAOB's objections are attached as Exhibit 3.

On April 17, 2017, Plaintiff filed its Response to PCAOB's Objections to Subpoena Dated March 20, 2017. *See* Dkt. 68. That response requested that the Court "overrul[e] the PCAOB's objections." *Id.* at 4.[2]

## ARGUMENT

**I.   THE DOCUMENTS REQUESTED IN SCHEDULE A ARE STATUTORILY PRIVILEGED**

By statute, the types of information and documents identified in Items 1 through 18 of the subpoena are confidential and privileged as an evidentiary matter and not subject to discovery or other legal process in any civil proceeding.

---

[1] Although the subpoena listed April 4, 2017 as the return date, Plaintiff agreed to extend the return date until April 7, 2017. *See* Ex. 2.

[2] PCAOB has interpreted this filing as a motion to compel production or inspection. *See* Fed. R. Civ. P. 45(d)(2)(B)(i).

2

**A.** Congress created the PCAOB through the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-204, 116 Stat. 745 (the "Act"). The PCAOB's statutory mission is "to oversee the audit of companies that are subject to the securities laws . . . in order to protect the interests of investors and further the public interest in the preparation of informative, accurate, and independent audit reports." 15 U.S.C. § 7211(a).

To carry out those goals, the PCAOB is required to, among other things, conduct "a continuing program of inspections to assess the degree of compliance of each registered public accounting firm and associated persons of that firm with th[e] Act, the rules of the Board, the rules of the [Securities and Exchange] Commission, or professional standards, in connection with its performance of audits, issuance of audit reports, and related matters involving issuers." 15 U.S.C. § 7214(a)(1).

The PCAOB is also authorized to "conduct an investigation of any act or practice, or omission to act, by a registered public accounting firm, any associated person of such firm, or both, that may violate any provision of th[e] Act, the rules of the Board, the provisions of the securities laws relating to the preparation and issuance of audit reports and the obligations and liabilities of accountants with respect thereto, including the rules of the [Securities and Exchange] Commission issued under th[e] Act, or professional standards." 15 U.S.C. § 7215(b)(1).

The Act provides: "[A]ll documents and information prepared or received by or specifically for the Board, and deliberations of the Board and its employees and agents, in connection with an inspection under [15 U.S.C. § 7214] or with an investigation under [§ 7215], *shall be confidential and privileged as an evidentiary matter (and shall not be subject to civil discovery or other legal process) in any proceeding in any Federal or State court or administrative agency*." 15 U.S.C. § 7215(b)(5)(A) (emphasis added). Moreover, such documents and information remain confidential and privileged in the hands of the PCAOB even if the PCAOB has previously made them available to the Securities and Exchange Commission or other authorities specified in the Act. *See id.* § 7215(b)(5)(B) (providing that documents and information shall be maintained as privileged and confidential).

**B.**   The subpoena requests that the Board produce "[a]ll written communications" with two registered firms and two individuals—Meyler & Co., LLC; Cowan, Gunteski & Co., P.A.; William Meyler; and Donald Cowan. Ex. 1, Sched. A (Items 1-4). According to the Complaint, Cowan, Gunteski & Co., P.A.—Donald Cowan's accounting firm—was the subject of PCAOB disciplinary proceedings and investigations. *See, e.g.*, Compl. ¶¶ 17, 24. William Meyler was a partner at Cowan, Gunteski after his firm, Meyler & Co., merged with Cowan, Gunteski. *Id.* ¶¶ 10-13 & Ex. A ¶ 2. In 2015, the PCAOB issued a disciplinary notice that censured both Cowan, Gunteski and William Meyler. *Id.* ¶ 17 & Ex. A.

4

The PCAOB was also allegedly investigating Cowan, Gunteski for other violations. *Id.* ¶ 24. Thus, to the extent that the PCAOB has any "written communications" with any of Cowan, Gunteski; Meyler & Co.; Donald Cowan; or William Meyler, concerning such matters, those communications were "prepared or received by ... the Board ... in connection with an inspection under [15 U.S.C. § 7214] or with an investigation under [§ 7215]," and are privileged. 15 U.S.C. § 7215(b)(5)(A).

The subpoena also requests "[a]ll documents relating [to] the Release and Disciplinary Notice against Cowan, Gunteski & Co., P.A. dated July 23, 2015," as well as various categories of documents received by, submitted to, or generated by the PCAOB "in relation to PCAOB No. INF-105-2014-66." Ex. 1, Sched. A (Items 5-18). That "INF" number appears to refer to what Plaintiff understands to be an internal PCAOB enforcement matter. Thus, by the terms of the subpoena itself, the documents responsive to these requests were "prepared or received by or specifically for the Board [or are] deliberations of the Board and its employees and agents, in connection with an inspection under [15 U.S.C. § 7214] or with an investigation under [§ 7215]." 15 U.S.C. § 7215(b)(5)(A). They are privileged.[3]

---

[3] During the period covered by the subpoena, the PCAOB also inspected Cowan, Gunteski in 2014. *See* Report on 2014 Inspection of Cowan, Gunteski & Co., P.A., PCAOB Release No. 104-2015-029, *available at* https://pcaobus.org/Inspections/Reports/Documents/2015_Cowan_Gunteski_Co_PA.pdf. During that period, it also inspected Meyler & Co. in 2011. *See* Report on 2011 Inspection of Meyler &

5

**C.** Plaintiff does not dispute that "deliberations" of the Board or its employees are privileged. Rather, it insists that the privilege does not apply because the documents sought by the subpoena "were not *prepared specifically* for the PCAOB's investigation" because they existed prior to the investigation. Dkt. 68 at 3 (emphasis added); *id.* at 4 ("documents . . . submitted to the Board, to the extent they were not created just for the Board," are not privileged). That interpretation, however, cannot be reconciled with the text of the statute.

The statute extends the privilege to documents or information "prepared or received by or specifically for the Board." 15 U.S.C. § 7215(b)(5)(A). As an initial matter, Plaintiff's interpretation ignores the words "received by" in the statute. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (noting well-established "[c]anons of construction" require "that terms connected by a disjunctive be given separate meanings"). Further, Plaintiff's argument that the word "specifically" somehow limits the universe of documents "received by" the Board that are privileged makes no sense. Both grammatically and logically, documents and information cannot be "received specifically by" the Board or "received specifically for" the Board. The statute's phrasing—"received by" the Board—is

---

Co., LLC, PCAOB Release No. 104-2012-256, *available at* https://pcaobus .org/Inspections/Reports/Documents/2012_Meyler_Company_LLC.pdf. To the extent the Subpoena requests "documents and information prepared or received by or specifically for the Board, and deliberations of the Board and its employees and agents," with respect to either of these two inspections, those documents are also privileged. 15 U.S.C. § 7215(b)(5)(A).

6

absolute. If the Board receives information or documents in connection with an inspection or investigation, regardless of when the documents were created, the documents and information are privileged.[4] The reason for the privilege's breadth reflects the need for the PCAOB, in pursuit of effective oversight, to compel regulated entities to provide documents and information in the course of investigations. Congress reasoned that information so compelled, and generated and received for purposes of PCAOB processes, should not be discoverable by private parties.[5] Without question, the documents the subpoena seeks are documents that were "received by" the Board (or constitute "deliberations" of the Board). For that reason, they are privileged.

---

[4] *Silverman v. Motorola, Inc.*, No. 07 C 4507, 2010 WL 4659535 (N.D. Ill. June 29, 2010), is not to the contrary. That case considered whether documents in the *accounting firm's* possession were privileged if not prepared "specifically for" the Board. *Id.* at *4. It did not consider whether such documents were privileged in the hands of the PCAOB. And when documents are given to the Board, "the fact they were delivered is privileged." *Bennett v. Sprint Nextel Corp.*, No. 11-9014, 2012 WL 4829312, at *2 (W.D. Mo. Oct. 10, 2012). Thus, even if a document would not be privileged in the hands of an accounting firm, the PCAOB's confirmation that it had received the document by producing it as responsive to the subpoena—in other words, the PCAOB's "act of production"—would invade the privilege and defy the statute. *Id.*; *cf. United States v. Hubbell*, 530 U.S. 27 (2000) (privilege against self-incrimination applies to act of production even when it does not apply to underlying documents).

[5] *See generally* S. Rep. No. 107-205, at 2-11 (2002); *Accounting Reform and Investor Protection*: Hearing on S. 2763 Before the S. Comm. on Banking, Housing, and Urban Affairs, 107th Cong. 723 (Feb. 2002).

7

Plaintiff similarly ignores the plain meaning of the statutory text when it argues that "documents sent to the Defendants by the Board after the investigation was concluded" are exempt from the privilege because such documents "would not be part of the inspection and would have been procured *after* [the] Board's deliberations had already concluded." Dkt. 68 at 4. The statute contains no such temporal limitation. The privilege extends to all documents and information prepared by the Board "*in connection with* an inspection . . . or . . . investigation." 15 U.S.C. § 7215(b)(5)(A) (emphasis added). It is not limited to documents prepared before or during the Board's deliberations. *Cf. Distributed Sols., Inc. v. United States*, 539 F.3d 1340, 1346 (Fed. Cir. 2008) (noting "the phrase, 'in connection with a procurement or proposed procurement,' . . . involves a connection with *any stage* of the federal contracting acquisition process" (emphasis added)).

Ultimately, Congress made clear that documents and information "prepared . . . by" or "received by" the Board are "privileged as an evidentiary matter," and further declared that they "*shall not be subject to civil discovery or other legal process[] in any proceeding in any Federal* or State *court* or administrative agen-

8

cy." 15 U.S.C. §7215(b)(5)(A) (emphasis added). The Court should deny Plaintiff's request.[6]

## II. ANY NON-PRIVILEGED DOCUMENTS SOUGHT BY THE SUBPOENA CAN BE OBTAINED FROM PARTIES TO THE CASE

To the extent any documents requested by the subpoena are not privileged and confidential under §7215, the PCAOB's compliance with the subpoena is unduly burdensome because Plaintiff has made no showing—indeed, does not even *attempt* to show—that those documents cannot be obtained from Defendants themselves. The Federal Rules "'afford non-parties special protection against the time and expenses of complying with subpoenas.'" *Halpin v. Barnegat Bay Dredging Co.*, Civ. No. 10-3245, 2011 WL 2559678, at *12 (D.N.J. June 27, 2011). Thus, parties should "seek the discovery at issue from a party before burdening a nonparty with compliance of a subpoena." *A.A. Action Collection Co.*

---

[6] To the extent Plaintiff requests any non-privileged PCAOB documents that do not relate to an inspection or investigation of Cowan, Gunteski; Meyler & Co.; Donald Cowan; or William Meyler, any such documents are not relevant and proportional to the needs of the case. Plaintiff asserts a claim for accounting malpractice arising from actions that Plaintiff believes were the subject of PCAOB enforcement proceedings. Compl. ¶1. Any PCAOB documents that do not relate to PCAOB enforcement proceedings therefore are not relevant and fall outside the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1). Even assuming such documents are relevant, any relevance is minimal and not proportional to the needs of the case. Given the attenuated relevance (at most), the cost of searching for such documents renders those requests unduly burdensome. Should the Court order the PCAOB to search for those documents nonetheless, the PCAOB requests that Plaintiff reimburse the PCAOB for the costs of that search.

*v. Richard Dweck*, Civ. No. 11-364, 2011 WL 13143955, at *1 (D.N.J. July 25, 2011).

The vast majority of the documents sought by the subpoena are documents that are in the possession of (or should be in the possession of) Defendants. For example, "[a]ll written communications [from the PCAOB] with Cowan, Gunteski & Co., P.A.," *see* Ex. 1, Sched. A (Item 2), should be available from Defendant Cowan, Gunteski. The same is true for communications with Defendants William Meyler and Donald Cowan.[7] Likewise, "[a]ll documents produced by" Cowan, Gunteski, Donald Cowan, or William Meyler "in response to any requests for documents in relation to PCAOB No. INF-105-2014-66," *see* Ex. 1, Sched. A (Items 16-18), are available (or should be available) from Defendants themselves. Finally, some documents responsive to the subpoena may be publicly available or already in Plaintiff's possession. For example, Plaintiff attached to its Complaint a copy of the publicly available PCAOB Order sanctioning Cowan, Gunteski and William Meyler. *See* Compl. Ex. A. Plaintiff, however, does not even attempt to show that the requested documents cannot be obtained from a party to the litigation

---

[7] Written communications with Meyler & Co. should be available from Cowan, Gunteski, which the Complaint notes merged with Meyler & Co.

10

or publicly available sources. For that reason too, the Court should deny Plaintiff's request.[8]

## CONCLUSION

The Court should deny Plaintiff's motion.

---

[8] Plaintiff's request for relief is also procedurally improper. First, Plaintiff's motion was filed in the wrong court. Any motion to compel production must be filed in the "court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i). Because the subpoena sought delivery of the documents in Weston, Florida, this Court is not the proper venue. Second, Plaintiff's motion does not comply with this Court's Rules governing discovery motions. Plaintiff did not present this dispute to the Magistrate Judge through conference call or letter, D.N.J. Loc. R. 37.1(a)(1), nor did Plaintiff certify there were good-faith efforts to resolve the dispute, D.N.J. Loc. R. 37.1(b)(1). Nonetheless, the Court should deny Plaintiff's request on the merits. *See* Fed. R. Civ. P. 45(f) (allowing transfer of motion to compel to issuing court); pp. 1-2, *supra* (describing good-faith efforts to resolve dispute). But if the Court disagrees on the merits, these procedural defects independently require denial of Plaintiff's request.

11

Dated: May 1, 2017                    Respectfully submitted,

s/ Thomas Calcagni
Thomas Calcagni (D.N.J. Bar #TC0705)
Calcagni & Kanefsky LLP
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, NJ  07102
(862) 397-1796 (telephone)
tcalcagni@ck-litigation.com

Justin V. Shur (*pro hac vice*)
Eric R. Nitz (*pro hac vice*)
MoloLamken LLP
600 New Hampshire Avenue, N.W.
Washington, D.C.  20037
(202) 556-2005 (telephone)
jshur@mololamken.com
enitz@mololamken.com

*Counsel for PCAOB*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 1, 2017, I filed the PCAOB's Brief in Opposition to Plaintiff's Response to the PCAOB's Objections to Subpoena Dated March 20, 2017 with the Clerk of Court using the CM/ECF System, which will serve notice of this filing on all parties.

                                                    s/ Thomas Calcagni
                                                    Thomas Calcagni