UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAURIGA SCIENCES, INC., <br><br> Plaintiff, <br><br> v. <br><br> COWAN, GUTENSKI & Co., et al., <br><br> Defendant. | Civil Action No.: 16-6285 (PGS) <br><br> ORDER |

This matter is before the Court on a motion to allow trial by jury (ECF No. 66); and a motion to set a trial date (ECF No. 69).

On November 4, 2015, Tauriga Sciences, Inc. ("Tauriga"), a Florida based corporation, filed a complaint against defendant Cowan, Gutenski & Co. ("CGC") alleging accounting malpractice and unjust enrichment, and negligent misrepresentation against defendants William Mylar and Donald Cowan. (See Complaint ("Compl.") at ¶ 1). Tauriga is a developer of a "cleantech energy" platform.

In 2009, Tauriga retained defendant Mylar to audit Tauriga's financial statements. For four (4) years, Mylar filed audit reports with the Securities Exchange Commission ("SEC") on behalf of Tauriga. Mylar was the lead audit partner for the Tauriga account. In 2013, Mylar's accounting office merged with CGC; and in turn Tauriga engaged the services of CGC as its new external auditor for additional years.

Tauriga's complaint alleges that CGC caused Tauriga to violate Section 10A of the Securities and Exchange Act. (Id. at ¶ 16). Section 10A of the Securities and Exchange Act prohibits a company from retaining an accounting firm to provide audit services to an issuer of stock (Tauriga), if its lead or audit partner has "performed audit services for that issuer in each of the five previous fiscal years of that issuer." By Mylar performing said work for more than five years, Tauriga breached Section 10A. Tauriga alleges CGC committed malpractice by failing to advise Tauriga of the requirements of Section 10A.

On November 4, 2015, this case was filed in the Southern District of Florida by Tauriga. The matter was referred to mediation, but the parties abandoned mediation after ten months of effort. On September 30, 2016, Judge Rosenberg granted a motion to transfer venue to this Court. On December 20, 2106 an answer was filed by Donald Cowan (ECF No. 57). On January 10, 2017 Plaintiff filed notice demanding a jury trial. This was the first time that Tauriga sought a trial before a jury. Pursuant to Fed. R. Civ. P. 38, this demand was about one week late. On January 19, 2017, Magistrate Judge Arpert entered a discovery schedule. On March 31, 2017, Plaintiff Tauriga brought a motion demanding a jury trial and another motion to set a trial date.

## Legal Standard

Pursuant to Fed. R. Civ. P. 38, a party may preserve its right to a jury trial by filing a demand for same within fourteen days of the last pleading filed. Plaintiff argues that the defendants are not prejudiced by granting the motion. There is ongoing discovery, and granting the demand will not affect the discovery schedule. For example, the deposition of the Plaintiff has not been taken but it is scheduled, and defendants seek some documents from the Plaintiff.

In opposition, defendants argue that plaintiff has waived its right to a jury trial pursuant to Fed. R. Civ. P. 38(d) because plaintiff did not serve a written demand for a jury trial within 14 days from the last pleading. Defendant erroneously argues that the last pleading filed occurred prior to the mediation; but according to the docket, Cowan filed an answer on December 20, 2016 (ECF No. 57). A district court judge has discretion when determining whether to grant an untimely jury demand under Rule 38(b). Courts consider the following factors – 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for failure to file a timely demand. See *U.S. v. Infinity Group Co.*, 212 F. 3d 180, 197 (3d Cir. 2000); *O'Brien Oil Pollution v. Kapoor*, 2008 WL 2625352 (DNJ 2008). In applying these factors, it appears that (1) an

accounting malpractice case is suitable for a jury trial; (2) granting the motion has not delayed or disrupted discovery; (3) there is no prejudice to any party, and (4) the failure to timely file was only a week late. Generally, the right to a trial by jury is fundamental and Courts should "indulge every reasonable presumption against waiver." *Collier v. Virgin Islands*, 366 F.2d 279 (3d Cir. 1996). Here, Plaintiff's actions were reasonable, and there is no prejudice to the parties. The motion is granted.

## ORDER

IT IS on this 23rd day of July, 2017;

ORDERED that motion to allow trial by jury (ECF No. 66) is granted; and it is further

ORDERED that the motion to set trial (ECF No. 69) is granted; and it is further

ORDERED that (a) the trial shall begin on November 14, 2017 at 10:00 a.m.; (b) proposed voir dire questions and a trial brief shall be submitted by November 7, 2017; and (c) any in limine motions will be filed and follow the schedule for a return date of October 16, 2017.

_____
PETER G. SHERIDAN, U.S.D.J.