RECEIVED
AUG 2 4 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
--------------------------------X
TAURIGA SCIENCES, INC.,
                                    Civil Action No.
            Plaintiff,              16-6285 (PGS)

    -against-
                                    REVISED PRE-TRIAL
COWAN, GUNTESKI & CO., PA,          SCHEDULING ORDER
et al.,

            Defendants.
--------------------------------X
```

**THIS MATTER** having come before the Court for an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 19, 2017; and the Court having conferred with counsel concerning the timely completion of discovery; and good cause appearing for the entry of this Order:

IT IS on this 24th day of Aug., 2017

**ORDERED THAT:**

### I. DISCLOSURES

1. To the extent no previously done, the Parties' Fed.R.Civ.P. 26 disclosures and plaintiff's certifications of production of all responsive documents in its possession, custody or control must be exchanged by **July 24, 2017**.

### II. DISCOVERY

2. The Parties must complete fact discovery, including depositions, by **August 30, 2017**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed.R.Civ.P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

4. Any discovery dispute shall be brought to the Court's attention in the first instance by letter or by telephone conference call immediately after the parties' good faith

   attempt to resolve the dispute has failed. See L.Civ.R. 16.1(f)(1).

5. No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

### III. DISCOVERY CONFIDENTIALITY ORDERS

6. Any proposed confidentiality order agreed to by the parties must comply with Fed.R.Civ.P. 26(c) and L.Civ.R. 5.3. *See also Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (3d Cir. 1995). Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order." The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should to order not be entered. See L.Civ.R. 5.3(b). Any such order must be clearly designated **"Discovery Confidentiality Order."** *Id*.

7. The Parties' proposed Discovery Confidentiality Order must be submitted to the Court by ~~**July 13, 2017**~~. *done* /dea/

### IV. MOTIONS

8. Any motion to amend the pleading or to add new parties, whether by amended or third-party complaint, must be filed no later than **July 31, 2017**.

9. Any party intending to file a dispositive motion must first seek leave of the Court by way of a letter application. All calendar or dispositive motions, if permitted, shall comply with L.Civ.R. 7.1(b) and 78.1.

### V. EXPERTS

10. All affirmative expert reports (liability and damages) must be served by **September 6, 2017**. All such reports must be in the form and content as required by Fed.R.Civ.P. 26(a)(2)(B). 

11. All responding expert reports shall be delivered by **October 6, 2017**. All such reports must be in the form and content as required by Fed.R.Civ.P. 26(a)(2)(B). 

12. No expert shall testify at trial as to any opinions or base those opinions on fact not substantially disclosed in his or her report.

## VI. FUTURE CONFERENCES

13. ∧ Telephone status conferences will be conducted by the undersigned on <u>October 23rd, 2017</u> at <u>2pm</u> ~~and~~ ~~?~~ _____. Counsel for Plaintiff is directed to initiate the call to (609) 989-2144. If the conference is going to be conducted via dial-in, the parties are instructed to call Chambers once everyone is on the line. Dial-in numbers will not be accepted.

14. The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

15. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of the Court, even with consent of all counsel.

_____
DOUGLAS E. ARPERT
United States Magistrate Judge

S&C#00232712

16. Plaintiff's motion for extension [dkt. no. 83] is terminated as moot.

17. Expert depositions must be completed by <u>Oct. 31, 2017</u>

18. The Final Pretrial Conference will be conducted on November <u>8</u> 2017 at <u>3:30PM</u> The parties' proposed Final Pretrial Order must be submitted 48 hours in advance.

19. The Trial remains scheduled for <u>November 14, 2017</u> before Judge Sheridan.